# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 68942-8-I |
| | ) | |
| Appellant, | ) | ORDER CORRECTING |
| | ) | OPINION |
| v. | ) | |
| | ) | |
| JOSEPH ALBERT PELTIER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

In this case, the members of the court who joined in the majority opinion find that the majority opinion should be corrected, as follows:

On page 16, in the first sentence of the second full paragraph, the word "superior" is deleted and the word "Supreme" is inserted in its place. The sentence now reads: "The Supreme Court then considered the statute of limitation claim on its merits."

It is so ORDERED.

DATED this 23rd day of September , 2013.

DWYER, J.       LEACH, C.J.

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2013 SEP 23 PM 4: 23

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
                           )
      Appellant, )

      v. )

JOSEPH ALBERT PELTIER, )
                          )
      Respondent. )
                          )

DIVISION ONE

No. 68942-8-I

PUBLISHED OPINION

FILED: September 16, 2013

DWYER, J. — By amended information, the State charged Joseph Peltier with four felonies. The superior court dismissed the charges, ruling that the applicable statutory limitation periods had expired prior to the charges being filed and that, accordingly, the court was without authority to proceed. We affirm.

I

On September 6, 2002, the State charged Peltier with two counts of second degree rape, one count of second degree child molestation, and one count of second degree rape of a child. Each of the charges was filed within the applicable limitation period.[1]

---

[1] One count of second degree rape, alleged to have been committed against B.M., was allegedly committed in September 1993. The other count of second degree rape, alleged to have been committed against S.B., was allegedly committed in October 1993. The applicable statute of limitations provided that, if the offense was reported within one year after its commission, it could not be charged more than ten years following its commission. Former RCW 9A.04.080(1)(b)(iii)(A) (1993) (providing that violations of RCW 9A.44.050, rape in the second degree, "shall not be prosecuted more than ten years after their commission" if "reported to a law enforcement agency within one year" of commission).

Peltier and the State subsequently stipulated to a bench trial on agreed documentary evidence. Pursuant to the stipulation agreement, on July 14, 2003, the State filed an amended information charging Peltier with one count of rape in the third degree and one count of indecent liberties. The charges set forth in the amended information were not filed within the applicable limitation period.[2] The stipulation agreement did not acknowledge, however, that the charges were time-barred.

The stipulation agreement did provide that Peltier agreed not to challenge any conviction on the charged offenses, including by means of a personal restraint petition. The agreement further provided:

> If the defendant fails to appear for sentencing, or if prior to sentencing the defendant commits any new offense or violates any condition of release, the State may recommend a more severe sentence.
> If the defendant violates any other provision of this agreement, the State may either recommend a more severe sentence, file additional or greater charges, or re-file charges that were dismissed. *The defendant waives any objection to the filing of additional or greater charges based on* pre-charging or pre-trial delay, *statutes of limitations,* mandatory joinder requirements, or double jeopardy.

(Emphasis added.)

On January 28, 2004, based upon the agreed documentary evidence, the

---

The count of child molestation in the second degree and the count of rape of a child in the second degree were both alleged to have been committed against S.G. in August 2001. The applicable statute of limitations provided that such offenses "shall not be prosecuted more than three years after the victim's eighteenth birthday or more than seven years after their commission, whichever is later." Former RCW 9A.04.080(1)(c) (1993).

[2] The count of rape in the third degree was alleged to have been committed in September 1993 against B.M. and in January 1995 against J.D. The amended information alleged that Peltier committed the offense of indecent liberties in October 1993 against S.B. These offenses were subject to a three-year statutory limitation period. Former RCW 9A.04.080(1)(g) (1993).

superior court found Peltier guilty of the charges set forth in the amended information. The court sentenced Peltier to 77 months of incarceration.[3]  In August 2011, Peltier filed a personal restraint petition challenging his convictions as barred by the applicable statute of limitations.  The State conceded that the offenses were time-barred and, thus, that the resulting judgment was invalid.  In re Pers. Restraint of Peltier, noted at 166 Wn. App. 1023, 2012 WL 432258, at *1.  We accepted the State's concession, granted Peltier's petition, vacated his convictions, and remanded to the superior court for dismissal of the charges. Peltier, 2012 WL 432258, at *1.  On March 29, 2012, the superior court dismissed the charges set forth in the amended information.

On that same day, the State filed a second amended information, charging Peltier with one count of rape of a child in the second degree, one count of child molestation in the second degree, and two counts of rape in the second degree.[4] Peltier moved to dismiss the charges alleged in the second amended information, asserting that, because the charges had been filed following the expiration of the applicable statutory limitation periods, the court did not have subject matter jurisdiction over the case.[5]

---

[3] Although the superior court initially sentenced Peltier to 90 months of incarceration, it later amended the judgment and sentence to provide for a shorter term of confinement.

[4] The second amended information alleged that Peltier had committed the offenses of rape of a child in the second degree and child molestation in the second degree against S.G. in August 2001.  It alleged that Peltier had committed one count of rape in the second degree against J.D. in January 1995 and another count of rape in the second degree against S.B. in October 1993.  Three of the four charges alleged in the second amended information—involving S.B. and S.G.—were identical to three of the four charges in the State's original information filed in September 2002.

[5] In opposing the motion to dismiss, the State argued that the limitation periods applicable to the three offenses involving S.B. and S.G., all of which were charged in the original information, were tolled because this court dismissed the charges alleged in the first amended

- 3 -

The superior court determined that the issue before it was whether a criminal statute of limitations is jurisdictional "such that it can or cannot be waived when the parties are entering into their plea negotiations." The court agreed with Peltier that Washington judicial authority indicated that a criminal statute of limitations affects subject matter jurisdiction. Accordingly, the superior court granted Peltier's motion to dismiss the charges alleged in the second amended information. The court thereafter denied the State's motion for reconsideration.

The State appeals.

II

For over 30 years, Washington's Courts of Appeal have consistently held that the expiration of a statutory limitation period, in a criminal case, deprives the trial court of subject matter jurisdiction over that controversy. The trial court understandably followed this authority in ordering the case dismissed. However, an opinion of our Supreme Court, issued 13 years ago, indicates that the holdings of these appellate court cases are no longer viable. Nevertheless, in that same opinion, our Supreme Court made clear that a superior court judge has no authority to sentence a defendant and enter judgment in a criminal case in which the statutory limitation period expired before the charge was brought. Thus, we affirm the order of dismissal, albeit on a different basis than that relied upon by the trial court.

---

information, thus rendering that information void. The superior court rejected this argument. It is not at issue on appeal. The State additionally asserted that the charges should not be dismissed because Peltier had, in the stipulation agreement, expressly waived any objection to the filing of additional charges based on a statute of limitations claim. That is the issue argued by the State on appeal.

III

It is disconcerting that, 124 years after statehood, there exists uncertainty as to the effect of our criminal statutes of limitation.[6] However, through time, such uncertainty has existed in other jurisdictions as well.

> Courts approach criminal statutes of limitations in one of three ways. First is the view that the statute of limitations is a jurisdictional limit on the subject matter of a court that cannot be waived or forfeited; second is the view that a defendant may "waive" the defense so long as he or she does so voluntarily, intelligently, and knowingly after consulting with counsel; finally, some courts hold that the statute of limitations is a defense that is "forfeited" if not affirmatively raised in the trial court. See State v. Timoteo, 87 Hawai'i 108, 952 P.2d 865, 877 (1997) (Ramil, J., dissenting); State v. Pearson, 858 S.W.2d 879, 886 (Tenn.1993); Padie v. State, 594 P.2d 50, 55-57 (Alaska 1979). Historically, courts took the first approach, that is, that once the statute of limitations ran, a court lacked subject matter jurisdiction. Timoteo, 952 P.2d at 877 (Ramil, J., dissenting); see also People v. Verbrugge, 998 P.2d 43, 45-46 (Colo.Ct.App.1999) (holding that, because the statute of limitations had run, the trial court had no jurisdiction to enter a conviction even though the defendant requested an instruction on the offense). Over time, however, courts have moved away from the jurisdictional view and toward deciding that a defendant may waive the defense if it is beneficial to him or her. See Timoteo, 952 P.2d at 877-78 (Ramil, J., dissenting); Adlestein, [Conflict of the Criminal Statute of Limitations with lesser Offenses at Trial, 37 WM. & MARY L. REV., 199, 259, 291 (1995)]. This appears to be because the primary policy of a criminal statute of limitations, to protect the defendant, is not served by strict adherence to a jurisdictional approach.

State v. Kerby, 141 N.M. 413, 156 P.3d 704, 708-09 (2007).[7]

---

[6] We review de novo both questions of a court's subject matter jurisdiction, Cole v. Harveyland, LLC, 163 Wn. App. 199, 205, 258 P.3d 70 (2011), and pure questions of law, Robb v. City of Seattle, 176 Wn.2d 427, 433, 295 P.3d 212 (2013).

[7] The issue presented in Kerby was the same as the issue presented herein. Defendant claims that the statute of limitations is "jurisdictional" and, thus, the district court was without jurisdiction to try and sentence him. The State, by contrast, argues that the statute of limitations is an "affirmative equitable defense" that can be "waived."

For over 30 years, an uninterrupted series of Court of Appeals decisions—from all three divisions—adopted the first of these approaches: holding that the expiration of a criminal statutory limitation period deprived the superior court of subject matter jurisdiction over the charge.

Recently, Division Three reaffirmed its view that, "[t]he statute of limitations in a criminal case is jurisdictional." State v. Walker, 153 Wn. App. 701, 705, 224 P.3d 814 (2009). Additionally, the court reaffirmed that, "[b]ecause a criminal statute of limitations is jurisdictional, unlike the statute of limitations in a civil action, it cannot be waived." Walker, 153 Wn. App. at 705 n.2. This was consistent with the court's holding, 25 years previously, that a criminal "statute of limitation is jurisdictional." State v. Ansell, 36 Wn. App. 492, 496, 675 P.2d 614 (1984).

The Walker court's pronouncements were well-supported in the appellate case law. More than 30 years ago, Division Two cited to out-of-state authority for the proposition that, "a criminal statute of limitation is not merely a limitation upon the remedy, but is a 'limitation upon the power of the sovereign to act against the accused.' State v. Fogel, 16 Ariz.App. 246, 248, 492 P.2d 742, 744 (1972). It is jurisdictional." State v. Glover, 25 Wn. App. 58, 61, 604 P.2d 1015 (1979).

Two years later, Division Two reaffirmed Glover's validity, citing it for the proposition that, "a statute of limitations is viewed differently in the criminal than in the civil context. In the civil law, such a statute provides repose and a limitation on remedies; in the criminal law, such statutes create an absolute bar

Kerby, 156 P.3d at 707-08.

to prosecution." State v. Eppens, 30 Wn. App. 119, 124, 633 P.2d 92 (1981). Four years later, Division Two cited Glover for the proposition that, "a criminal statute of limitation is jurisdictional." State v. Bryce, 41 Wn. App. 802, 807, 707 P.2d 694 (1985). Subsequently, Division Two reaffirmed its adherence to the holdings in Glover and Eppens. State v. Kirk, 64 Wn. App. 788, 789 n.1, 828 P.2d 1128 (1992). It later cited Glover with approval in State v. Phelps, 113 Wn. App. 347, 357, 57 P.3d 624 (2002).

Division One followed suit in 1985, observing that, "[a] criminal statute of limitation is jurisdictional." State v. Fischer, 40 Wn. App. 506, 510, 699 P.2d 249 (1985). Several years later, we reiterated that, "the criminal statute of limitations is jurisdictional and creates an absolute bar to prosecution." State v. Novotny, 76 Wn. App. 343, 345 n.1, 884 P.2d 1336 (1994).

Six years later, we reversed a defendant's conviction, holding "that a defendant cannot be convicted of a lesser offense upon a prosecution for a greater crime commenced after the statute has run on the lesser offense." State v. N.S., 98 Wn. App. 910, 912, 991 P.2d 133 (2000). We did, however, note that, "[s]ome courts hold that the statute of limitations is an affirmative defense that may be waived when the defendant seeks a jury instruction on a time-barred lesser included offense; others find that it is jurisdictional and cannot be waived." N.S., 98 Wn. App. at 915 n.12. We determined that we did not need to "address this contentious issue" in order to resolve the case. N.S., 98 Wn. App. at 915 n.12.

Our uncertainty was not a permanent condition. Two years ago, we quoted Glover, 25 Wn. App. at 61, for the proposition that, "[a] criminal statute of limitations presents a jurisdictional bar to prosecution. It is not merely a limitation upon the remedy, but a 'limitation upon the power of the sovereign to act against the accused.'" State v. Dash, 163 Wn. App. 63, 67, 259 P.3d 319 (2011) (internal quotation marks omitted).

The second amended information filed in Peltier's prosecution alleged four crimes, all of which were charged after the expiration of the limitation period applicable to the respective offenses. Given the extensive Court of Appeals decisional authority on the question, it is easy to see why the superior court concluded that it did not have subject matter jurisdiction and ordered that the charges be dismissed.

IV

Our Supreme Court has not often opined on the nature of criminal statutes of limitation. It has noted, however, that,

> [a]s a general proposition, it may be stated that there is no such thing as a common law statute of limitation in criminal cases. Such statutes of limitation are matters of legislative grace; they are a surrendering by the sovereign of its right to prosecute. . . . [T]hey are measures of public policy only, and subject to the will of the Legislature as such.

State v. Hodgson, 108 Wn.2d 662, 667, 740 P.2d 848 (1987) (footnotes omitted).

This brings us to the seminal case in resolving the issues presented in this appeal, In re Personal Restraint of Stoudmire, 141 Wn.2d 342, 5 P.3d 1240

(2000). Stoudmire entered guilty pleas to two counts of indecent liberties,[8] felony

offenses, was sentenced, and did not appeal from the judgment. Stoudmire, 141

Wn.2d at 347. In 1999, Stoudmire filed a personal restraint petition (PRP),

claiming that—because he was charged with the indecent liberty offenses after

the expiration of the applicable statutory limitation period—he was entitled to

vacation of the convictions.[9] Stoudmire, 141 Wn.2d at 347.

The State claimed that Stoudmire's PRP was time-barred.[10] The Supreme

---

[8] At the same time, Stoudmire entered guilty pleas to other, additional offenses. The existence of those convictions is not material to the issues presented herein.

[9] In 1995, Stoudmire's first PRP had been dismissed. Stoudmire, 141 Wn.2d at 347.

[10] RCW 10.73.090 provides:

(1) No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

(2) For the purposes of this section, "collateral attack" means any form of postconviction relief other than a direct appeal. "Collateral attack" includes, but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for a new trial, and a motion to arrest judgment.

(3) For the purposes of this section, a judgment becomes final on the last of the following dates:

(a) The date it is filed with the clerk of the trial court;

(b) The date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction; or

(c) The date that the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on direct appeal. The filing of a motion to reconsider denial of certiorari does not prevent a judgment from becoming final.

RCW 10.73.100 provides:

The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:

(1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;

(2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;

(3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution;

(4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;

(5) The sentence imposed was in excess of the court's jurisdiction; or

(6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered

Court described the procedural question as follows:

> [T]his court now considers whether petitioner is entitled to relief from his two convictions for indecent liberties because the statute of limitations had run. As an initial matter, this court must determine whether this claim is subject to the time bar in RCW 10.73.090 since Stoudmire's second PRP was not filed within the one-year time period. That time bar presupposes two conditions: "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). Petitioner claims the sentence was not valid on its face and the court was not one of competent jurisdiction.

Stoudmire, 141 Wn.2d at 352-53.

Put simply, Stoudmire claimed that, because the applicable statutory limitation period had expired prior to him being charged with indecent liberties, the superior court had lost subject matter jurisdiction over the charges and was, therefore, not a court of competent jurisdiction when he was sentenced and judgment entered.

In two sentences, the Supreme Court discounted this claim.

> A court does not lack subject matter jurisdiction solely because it may lack authority to enter a given order. Marley v. Department of Labor & Indus., 125 Wn.2d 533, 539, 886 P.2d 189 (1994). A court has subject matter jurisdiction where the court has the authority to adjudicate the *type of controversy* in the action, and it does not lose subject matter jurisdiction merely by interpreting the law erroneously. State v. Moen, 129 Wn.2d 535, 545, 919 P.2d 69 (1996).

---

in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

<u>Stoudmire</u>, 141 Wn.2d at 353. This pronouncement and the cases cited in support of it are quite important to the issues we face in this case.

Our constitution provides that, "[t]he superior court shall have original jurisdiction . . . in all criminal cases amounting to felony. . . ." WASH. CONST. art. IV, § 6.[11] In <u>Marley</u>, our Supreme Court discussed at length the difference between a tribunal's lack of authority and a tribunal's lack of subject matter jurisdiction.

> Section 11 of the Restatement [(Second) of Judgments] defines subject matter jurisdiction: "A judgment may properly be rendered against a party only if the court has authority to adjudicate the *type of controversy* involved in the action." (Italics ours.) We italicize the phrase "type of controversy" to emphasize its importance. A court or agency does not lack subject matter jurisdiction solely because it may lack authority to enter a given order.

---

[11] WASH. CONST. art. IV, § 6 provides in full:
Superior courts and district courts have concurrent jurisdiction in cases in equity. The superior court shall have original jurisdiction in all cases at law which involve the title or possession of real property, or the legality of any tax, impost, assessment, toll, or municipal fine, and in all other cases in which the demand or the value of the property in controversy amounts to three thousand dollars or as otherwise determined by law, or a lesser sum in excess of the jurisdiction granted to justices of the peace and other inferior courts, and in all criminal cases amounting to felony, and in all cases of misdemeanor not otherwise provided for by law; of actions of forcible entry and detainer; of proceedings in insolvency; of actions to prevent or abate a nuisance; of all matters of probate, of divorce, and for annulment of marriage; and for such special cases and proceedings as are not otherwise provided for. The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court; and said court shall have the power of naturalization and to issue papers therefor. They shall have such appellate jurisdiction in cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law. They shall always be open, except on nonjudicial days, and their process shall extend to all parts of the state. Said courts and their judges shall have power to issue writs of mandamus, quo warranto, review, certiorari, prohibition, and writs of habeas corpus, on petition by or on behalf of any person in actual custody in their respective counties. Injunctions and writs of prohibition and of habeas corpus may be issued and served on legal holidays and nonjudicial days.

The term "subject matter jurisdiction" is often confused with a court's "authority" to rule in a particular manner. This has led to improvident and inconsistent use of the term.

. . . .

. . . Courts do not lose subject matter jurisdiction merely by interpreting the law erroneously. If the phrase is to maintain its rightfully sweeping definition, it must not be reduced to signifying that a court has acted without error.

(Footnote omitted.) In re Major, 71 Wn. App. 531, 534–35, 859 P.2d 1262 (1993).

A tribunal lacks subject matter jurisdiction when it attempts to decide a type of controversy over which it has no authority to adjudicate.

[T]he focus must be on the words "type of controversy." If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction.

Robert J. Martineau, *Subject Matter Jurisdiction as a New Issue on Appeal: Reining in an Unruly Horse,* 1988 BYU L. REV. 1, 28.

Marley, 125 Wn.2d at 539.

Similarly, in Moen, the court stressed "[t]he distinction between a decision which exceeds jurisdiction and one which exceeds statutory authority." 129 Wn.2d at 545. Thus, where a statute limited the time in which a court could enter a restitution order, the court held that an "untimely imposition of restitution as a condition of a sentence is not a jurisdictional defect." Moen, 129 Wn.2d at 545.

The words used by the Supreme Court in Stoudmire, coupled with the cases it cited as authority, give a clear impression that the court did not believe that a statute—and, after all, a statute of limitation is simply a statute—can divest the superior court of subject matter jurisdiction.

- 12 -

Because the time-bar question was decided on another basis, however, the Supreme Court did not "reach the issue of whether the trial court had jurisdiction," Stoudmire, 141 Wn.2d at 354, and its observations cannot be treated as a holding.

Nevertheless, any doubt as to the court's intention dissipated three years later with the issuance of two Supreme Court decisions. In Young v. Clark, 149 Wn.2d 130, 65 P.3d 1192 (2003), the court explained the constitution's limitation upon the legislature's power to limit or eliminate superior court subject matter jurisdiction.

> "Where the language of the constitution is clear, the words used therein should be given their plain meaning." City of Tacoma v. Taxpayers of City of Tacoma, 108 Wn.2d 679, 706, 743 P.2d 793 (1987). On its face, article IV, section 6 allows the legislature to limit the superior court's jurisdiction in certain matters, provided it vests authority over such matters in some other court, presumably a court of limited jurisdiction. See Moore v. Perrott, 2 Wash. 1, 4, 25 P.906 (1891) ("The language of the constitution is not that the superior courts shall have exclusive jurisdiction, but it gives to the superior courts universal original jurisdiction, leaving the legislature to carve out from that jurisdiction the jurisdiction of the justices of the peace, and any other inferior courts that may be created.").

Young, 149 Wn.2d at 133-34. Thus, the legislature may, by statute, impinge on the constitutionally-established subject matter jurisdiction of the superior court only where it simultaneously grants that subject matter jurisdiction to some other court.[12]

The Supreme Court then immediately applied this constitutional principle in ruling that a statute that required a lawsuit against a county to

---

[12] See supra n.11.

be commenced in that county or one of the two nearest counties related only to venue, and did not restrict "the trial court's subject matter jurisdiction." Shoop v. Kittitas County, 149 Wn.2d 29, 37, 65 P.3d 1194 (2003).[13] Thus, for a decade, the law has been that a statute may not divest a superior court of subject matter jurisdiction unless it, at the same time, assigns that subject matter jurisdiction to some other court. Obviously, a statute of limitation does not do this.[14] Thus, the Court of

---

[13] In so doing, the court overruled two cases that had held that noncompliance with such statutes' requirements deprived the superior court of subject matter jurisdiction. See Cossel v. Skagit County, 119 Wn.2d 434, 834 P.2d 609 (1992); Aydelotte v. Audette, 110 Wn.2d 249, 750 P.2d 1276 (1988).

[14] Appellate court decisions have adopted the Supreme Court's view that the legislature cannot, by statute, simply eliminate superior court subject matter jurisdiction. We recently summarized the law on this question.

> A party may raise a question of subject matter jurisdiction for the first time at any point in a proceeding, even on appeal. Cole [v. Harveyland, LLC, 163 Wn. App. 199,] at 205–06, 258 P.3d 70 [(2011)]. Because the absence of subject matter jurisdiction is a defense that can never be waived, judgments entered by courts acting without subject matter jurisdiction must be vacated even if neither party initially objected to the court's exercise of subject matter jurisdiction and even if the controversy was settled years prior. Cole, 163 Wn. App. at 205, 258 P.3d 70; Shoop v. Kittitas County, 108 Wn. App. 388, 397–98, 30 P.3d 529 (2001), aff'd on other grounds, 149 Wn.2d 29, 65 P.3d 1194 (2003).
>
> The consequences of a court acting without subject matter jurisdiction are "draconian and absolute." Cole, 163 Wn. App. at 205, 258 P.3d 70. "'If the phrase [subject matter jurisdiction] is to maintain its rightfully sweeping definition, it must not be reduced to signifying that a court has acted without error.'" Marley v. Dep't of Labor & Indus., 125 Wn.2d 533, 539, 886 P.2d 189 (1994) (quoting In re Marriage of Major, 71 Wn. App. 531, 534–35, 859 P.2d 1262 (1993)). Thus, appellate courts should "use caution when asked to characterize an issue as 'jurisdictional' or a judgment as 'void.'" Cole, 163 Wn. App. at 205, 258 P.3d 70. Judicial opinions sometimes "misleadingly" indicate that the court is dismissing an action for lack of subject matter jurisdiction when, in fact, the basis for the ruling is that "some threshold fact has not been established." Cole, 163 Wn. App. at 205, 258 P.3d 70.
>
> Indeed, "[a]s the United States Supreme Court has observed, 'jurisdiction' is a word of too many meanings." Cole, 163 Wn. App. at 208, 258 P.3d 70 (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 90, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)). That Court has noted that it and other courts have "sometimes been profligate" in using the term "jurisdiction." Arbaugh v. Y & H Corp., 546 U.S. 500, 510, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). Where the question of jurisdiction was not "central to the case" and thus did "not require close analysis," courts have "sometimes mischaracterized claim-processing rules

Appeals decisional authority holding that a statute of limitation can deprive a superior court of subject matter jurisdiction no longer appears viable.

V

To recall, the State's argument in this appeal is that we should treat the running of a statutory limitation period as not divesting the superior court of subject matter jurisdiction over a felony offense, and that we should hold that a defendant can waive the protections of a statute of

---

or elements of a cause of action as jurisdictional limitations." Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 161, 130 S. Ct. 1237, 176 L. Ed. 2d 18 (2010). These mischaracterizations can lead to "'drive-by jurisdictional rulings,' which too easily can miss the 'critical difference[s]' between true jurisdictional conditions and nonjurisdictional limitations on causes of action." Reed Elsevier, 559 U.S. at 161 (alteration in original) (citation omitted) (quoting Steel Co., 523 U.S. at 91; Kontrick v. Ryan, 540 U.S. 443, 456, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004)).
Similarly, our own Supreme Court has noted that "'[t]he term "subject matter jurisdiction" is often confused with a court's "authority" to rule in a particular manner,'" leading to "'improvident and inconsistent use of the term.'" Marley, 125 Wn.2d at 539, 886 P.2d 189 (quoting Major, 71 Wn. App. at 534-35, 859 P.2d 1262). Indeed, a "court or agency does not lack subject matter jurisdiction solely because it may lack authority to enter a given order." Marley, 125 Wn.2d at 539, 886 P.2d 189.
A court has subject matter jurisdiction where it has authority "to adjudicate the type of controversy involved in the action." Shoop, 108 Wn. App. at 393, 30 P.3d 529. See also Cole, 163 Wn. App. at 209, 258 P.3d 70 ("The critical concept in determining whether a court has subject matter jurisdiction is the type of controversy."). Superior courts are granted broad original subject matter jurisdiction by Wash. Const. art. IV, § 6. Cole, 163 Wn. App. at 206, 258 P.3d 70. Exceptions to this broad jurisdictional grant "are to be narrowly construed." Cole, 163 Wn. App. at 206, 258 P.3d 70. Superior courts have jurisdiction in "'all cases . . . in which jurisdiction shall not have been by law vested exclusively in some other court,'" by an explicit act of Congress or the legislature. Hous. Auth. of City of Seattle v. Bin, 163 Wn. App. 367, 375, 260 P.3d 900 (2011) (quoting WASH. CONST. art. IV, § 6).
Superior courts possess "subject matter jurisdiction that cannot be whittled away by statutes." Shoop, 108 Wn. App. at 396, 30 P.3d 529. By protecting the superior courts' subject matter jurisdiction from statutory erosion, our state "constitution provides the foundation for an independent and coequal judicial branch of state government." Shoop, 108 Wn. App. at 396, 30 P.3d 529. "If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction." Cole, 163 Wn. App. at 209, 258 P.3d 70.
In re Marriage of McDermott, No. 69107-4-I, 2013 WL 3756504 (Wash. App. July 15, 2013), * at 3-4 (footnotes omitted).

limitation (as Peltier did here). The Stoudmire, Young, and Shoop decisions all support the State's position on subject matter jurisdiction. But what the Supreme Court giveth, the Supreme Court also taketh away.

In Stoudmire, the court did not need to resolve the question of subject matter jurisdiction because it accepted Stoudmire's second argument—that the judgment in his case was invalid on its face and, hence, his PRP was not time-barred. 141 Wn.2d at 354. A judgment is invalid on its face when "*without further elaboration*" the conviction's infirmities are apparent from the judgment itself or from any document signed as part of a plea agreement. Stoudmire, 141 Wn.2d at 353. Because a review of the "documents of the plea agreement" in Stoudmire's case indicated that he was charged after the limitation period had run, the judgment was invalid on its face. Stoudmire, 141 Wn.2d at 354.

The superior court then considered the statute of limitation claim on its merits.

> We now consider the merits of petitioner's claim that he is entitled to relief from his two convictions for indecent liberties because he was charged beyond the time allowed by the statute of limitation. The State may offer evidence that although on its face the statute of limitation would bar prosecution, the statute did not in fact expire because petitioner was out of the state for a sufficient length of time. RCW 9A.04.080(2). Here, however, the State concedes that the prosecution on these charges exceeded the statute of limitation. State's Resp. at 5–6. Nevertheless, the State argues that Stoudmire is not entitled to relief because his guilty plea waives any challenge to the charging dates in counts I and II. State's Second Resp. at 8. The State cites Garrison v. Rhay, 75 Wn.2d 98, 101, 449 P.2d 92 (1968): "A plea of guilty, voluntarily made, waives the

right to trial and all defenses other than that the complaint, information, or indictment charges no offense." However, that rule was distinguished in a later case: "'[A] plea bargaining agreement cannot exceed the statutory authority given to the courts.'" In re Personal Restraint of Moore, 116 Wn.2d 30, 38, 803 P.2d 300 (1991) (quoting In re Personal Restraint of Gardner, 94 Wn.2d 504, 507, 617 P.2d 1001 (1980)). Because the statute of limitations bars prosecution of charges commenced after the period prescribed in the statute, the sentencing court exceeded its authority. Petitioner must also meet the requirements of In re Personal Restraint of Fleming, 129 Wn.2d 529, 532, 919 P.2d 66 (1996) (quoting In re Personal Restraint of Cook, 114 Wn.2d 802, 812, 792 P.2d 506 (1990)): "In order to obtain relief by way of personal restraint petition . . . a person must establish (1) he or she is being unlawfully restrained, (2) due to a 'fundamental defect which inherently results in a complete miscarriage of justice.'" On these charges the court exceeded its authority, and we find petitioner's restraint on these charges to result in a complete miscarriage of justice. Petitioner is entitled to relief on these two charges.

Stoudmire, 141 Wn.2d at 354-55.

The quoted passage contains several important statements. First, it envisions that the sole issue on which the State could present evidence to rebut the conclusion that the prosecution was barred was the issue of tolling. Of course, if the limitation period was tolled, it may not have expired. Thus, the provision of the statute may not have been violated. But this is far different from presenting evidence that a defendant *waived* the benefits of a limitation period that had actually expired. Nothing in Stoudmire would allow for that.

Second, the State urged that Stoudmire had waived—or forfeited—his statute of limitations defense by pleading guilty. This is a winning argument in the federal courts. See United States v. Soriano-Hernandez, 310 F.3d 1099, 1104 (8th Cir. 2002) (entry of guilty plea precluded defendant from asserting

- 17 -

statute of limitation defense); <u>United States v. Littlefield</u>, 105 F.3d 527, 528 (9th Cir. 1997) (same); <u>Acevedo-Ramos v. United States</u>, 961 F.2d 305, 308 (1st Cir. 1992) (same); <u>United States v. Parrino</u>, 212 F.2d 919, 922 (2nd Cir. 1954) (same). It was not a winning argument in our Supreme Court.

Third, in the course of rejecting the claim of waiver, the Supreme Court indicated that Stoudmire was without the power to affect the superior court's authority over him. It noted that a "'plea bargain agreement cannot exceed the statutory authority given to the courts,'" and held that, because "the statute of limitations bars prosecution of charges commenced after the period prescribed in the statute, the sentencing court exceeded its authority." <u>Stoudmire</u>, 141 Wn.2d at 355 (internal quotation marks omitted) (quoting <u>Moore</u>, 116 Wn.2d at 38). Thus, the Supreme Court viewed the expiration of the statutory limitation period as an occurrence which barred prosecution and deprived the superior court of authority to sentence the defendant—hence, also depriving it of authority to enter judgment.[15]

Finally, the Supreme Court described the act of the superior court judge in sentencing the defendant and entering judgment on the guilty pleas and subsequent sentences as "result[ing] in a complete miscarriage of justice." <u>Stoudmire</u>, 141 Wn.2d at 355.

---

[15] Thus, the New Mexico Supreme Court was incorrect in observing that there are only three ways in which courts have approached statutes of limitation. <u>Cf. Kerby</u>, 156 P.3d at 708-09.

In a criminal case, if a judge cannot enter judgment upon a guilty plea or a jury's verdict, the case should be dismissed. In Peltier's prosecution, the superior court judge did not err by so ordering.

Affirmed.

_Dwyer, J._

We concur:

_Leach, C.J._

Cox, J. (concurring in the result) – I concur in the result that the majority reaches.

I write separately because I conclude that Peltier's waiver of the statute of limitations

does not implicate the superior court's subject matter jurisdiction: the authority to

adjudicate this *type of controversy*, three felony prosecutions.[1] Rather, the superior

court does not have the authority to enforce such a waiver. It is on this latter basis that

affirming the superior court is correct.

## SUBJECT MATTER JURISDICTION

The State correctly identifies the first question that we must decide: whether the

statute of limitations restricts the superior court's subject matter jurisdiction in criminal

cases.[2] The answer to this question is no.

The term "jurisdiction" is used to "describe the fundamental power of courts to

act."[3] One type of jurisdiction, the type at issue in this case, is "subject matter

jurisdiction."[4] "A court has subject matter jurisdiction where the court has the authority

to adjudicate the *type of controversy* in the action . . . ."[5]

As the majority points out, our state constitution provides that "[t]he superior court

shall have original jurisdiction . . . in all criminal cases amounting to felony . . . ."[6] This

---

[1] In re Pers. Restraint of Stoudmire, 141 Wn.2d 342, 353, 5 P.3d 1240 (2000).
[2] Brief of Appellant at 8.
[3] ZDI Gaming, Inc. v. State ex rel. Wash. State Gambling Comm'n, 173 Wn.2d 608, 616, 268 P.3d 929 (2012).
[4] Outsource Servs. Mgmt., LLC v. Nooksack Bus. Corp., 172 Wn. App. 799, 809, 292 P.3d 147 (2013) (citing ZDI Gaming, Inc., 173 Wn.2d at 617-18).
[5] Stoudmire, 141 Wn.2d at 353.
[6] WASH. CONST. art. IV, § 6.

case is a prosecution for three felonies. Thus, there is no question that the superior court had subject matter jurisdiction over the "type of controversy" at issue in this case.

The superior court was not divested of subject matter jurisdiction when it decided whether it could enforce Peltier's express waiver of the statute of limitations for the new charges in the second amended information. In re Personal Restraint of Stoudmire is instructive on this point.[7]

There, Jerrod Stoudmire argued that his second personal restraint petition entitled him to relief.[8] He claimed his two indecent liberties convictions were "charged beyond the time allowed by the statute of limitations."[9]

The supreme court first considered a procedural question: whether "the sentence was not valid on its face *and* the [superior] court was not one of competent jurisdiction."[10] In addressing these two questions, the court first stated:

> A court does not lack subject matter jurisdiction solely because it may lack authority to enter a given order. A court has subject matter jurisdiction where the court has the authority to adjudicate the *type of controversy* in the action, and it does not lose subject matter jurisdiction merely by interpreting the law erroneously.[11]

The supreme court decided that the record before it established that the sentence was not valid on its face.[12] Having decided this, the court declined to reach the second part of the procedural question: whether the trial court had subject matter jurisdiction.[13] The court then proceeded to address the merits of the petition, concluding

---

[7] 141 Wn.2d 342, 5 P.3d 1240 (2000).
[8] Id. at 345.
[9] Id. at 354.
[10] Id. at 353 (emphasis added).
[11] Id. (citations omitted).
[12] Id. at 354.
[13] Id.

2

that the superior court exceeded its authority by permitting convictions based on charges beyond the time allowed by the statute of limitations.[14]

Stoudmire was decided on the basis that the court did not have the authority to enforce a waiver of the statute of limitations.[15] It was not decided on the basis of subject matter jurisdiction. The court expressly declined to reach the latter question.[16]

The parties both rely on Stoudmire, but for different purposes. Neither party cites it for the proposition that subject matter jurisdiction was the basis of that court's decision.

The majority opinion in this case states that an "uninterrupted series of Court of Appeals decisions" hold that "the expiration of a criminal statutory limitation period deprived the superior court of subject matter jurisdiction over the charge." I read the cases on which the majority relies differently.

For example, in State v. Walker, Division Three of this court stated, without further analysis, that "[t]he statute of limitations in a criminal case is jurisdictional."[17] In doing so, the court relied on State v. Eppens.[18] But a close reading of that case reveals no reference to subject matter jurisdiction.[19] Rather, the case merely states that "a statute of limitations is viewed differently in the criminal than in the civil context."[20]

---

[14] Id. at 354-55
[15] Id. at 355.
[16] Id. at 354.
[17] 153 Wn. App. 701, 705, 224 P.3d 814 (2009).
[18] Id. (citing State v. Eppens, 30 Wn. App. 119, 124, 633 P.2d 92 (1981)).
[19] Eppens, 30 Wn. App. at 124.
[20] Id.

Likewise, the two other cases on which Walker relies do not discuss subject matter jurisdiction.[21] In State v. Glover, Division Two stated: "[A] criminal statute of limitation is not merely a limitation upon the remedy, but is a 'limitation upon the power of the sovereign to act against the accused.'"[22] Moreover, in a footnote in that case, the court stated: "We are not, at this point, faced with the problem of a possible waiver of the limitation period, and therefore do not reach such issue in this opinion."[23] If the Glover court believed it was addressing subject matter jurisdiction, it is unlikely that it would have spoken of waiver in the footnote. That is because lack of subject matter jurisdiction is not something litigants have the power to waive.[24] Either a court has subject matter jurisdiction or it does not.[25]

Also, in State v. Phelps, Division Two considered whether the trial court could order a seven-year extension of the statute of limitations in Donald Bradford Phelps's sentence.[26] The court explained that "the State has not been able to demonstrate any statutory authority allowing the sentencing court to extend the statute of limitations."[27] Because the court's sentencing authority is limited to that expressly provided for by statute, the court concluded that "the extension of the statute of limitations for seven

---

[21] Walker, 153 Wn. App. at 705 n.2 (citing State v. Glover, 25 Wn. App. 58, 61-62, 604 P.2d 1015 (1979); State v. Phelps, 113 Wn. App. 347, 357, 57 P.3d 624 (2002)).
[22] 25 Wn. App. 58, 61, 604 P.2d 1015 (1979) (quoting State v. Fogel, 16 Ariz. App. 246, 248, 492 P.2d 742 (1972)).
[23] Id. at 62 n.3.
[24] Skagit Surveyors and Eng'rs, LLC v. Friends of Skagit County, 135 Wn.2d 542, 556, 958 P.2d 962 (1998).
[25] Id.
[26] 113 Wn. App. 347, 350, 57 P.3d 624 (2002).
[27] Id. at 357.

years . . . [was] void and [could not] stand."[28] Nowhere in this opinion is there any reference to subject matter jurisdiction.

In sum, I conclude these cases decide whether a court has authority to make a decision, not whether a court has subject matter jurisdiction. For these reasons, I conclude that the superior court's subject matter jurisdiction to decide matters in this criminal case was unaffected by the statute of limitations.

## WAIVER OF STATUTE OF LIMITATIONS

The second question is whether a court has the authority to enforce an express waiver of the statute of limitations in a criminal case. I conclude that it does not.

Again, Stoudmire is instructive.[29] There, Stoudmire argued that he was entitled to relief because two indecent liberties convictions were "charged beyond the time allowed by the statute of limitations."[30] The State argued that Stoudmire was not entitled to relief because "his guilty plea waive[d] any challenge" to these charges.[31] The supreme court agreed with Stoudmire.

The court explained that a "plea bargaining agreement cannot exceed the statutory authority given to the courts."[32] Thus, the sentencing court exceeded its authority when it enforced the plea agreement's waiver provision and entered convictions for two charges that were barred by the statute of limitations.[33]

---

[28] Id.
[29] Stoudmire, 141 Wn.2d at 354-55.
[30] Id. at 354.
[31] Id.
[32] Id. at 355.
[33] Id.

5

Notably, the supreme court did not use the term "jurisdiction" when it agreed with Stoudmire's argument. Instead, the supreme court explained that the trial court "exceeded its authority."[34]

Here, we are bound by Stoudmire's holding. The trial court did not have the authority to enforce Peltier's express waiver of the statute of limitations in his plea agreement. The 2003 agreement stated that Peltier waived "any objection to the filing of additional or greater charges based on . . . statutes of limitations." Like the plea agreement in Stoudmire, this provision of the agreement exceeded the statutory authority of the courts to enforce.[35]

For this latter reason, I concur in the result that the majority reaches. Affirming the trial court, on the basis that it lacked authority, is the proper result.

Cox, J.

---

[34] Id.
[35] Id.