FILED
COURT OF APPEALS
DIVISION II

2014 MAR 11 AM 8:39

STATE OF WASHINGTON

BY_____
      DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43040-1-II |
| Respondent, | |
| v. | |
| JOHNNIE GERARD BROWN, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, J. — Johnnie G. Brown appeals his jury conviction of one count of bail jumping. He argues that we should reverse his conviction because the criminal statute of limitations is jurisdictional and the three-year statute of limitations expired before the State commenced prosecution. We conclude that the criminal statute of limitations is not jurisdictional, and remand to the trial court for an evidentiary hearing to determine if the statute of limitations has expired.

## FACTS

In 2001, the State charged Brown with three counts of child rape and incest. *State v. Brown,* ___ Wn. App. ___, 312 P.3d 1017, 1019 (2013).[1] After an initial jury venire was called

---

[1] On November 19, 2013, we published an opinion affirming his convictions but vacating his sentence because the trial court failed to consider a presentence report mandated by former RCW 9.94A.110 (2000). We remanded for resentencing. *Brown,* 312 P.3d 1017.

and sworn in, Brown failed to appear for a subsequent court date and the trial court issued a warrant for his arrest on May 6, 2002. *Brown*, 312 P.3d at 1019. Brown was tried in absentia and convicted on all three counts. *Brown*, 312 P.3d at 1019.

In August 2011, Brown was found in another state and extradited to Washington for sentencing. *Brown*, 312 P.3d at 1018-19. In early September, Brown appeared before Judge Orlando[2] for sentencing. The State asked Judge Orlando to arraign Brown on one count of bail jumping, filed that day under a separate cause number, for failure to appear in court in May 2002. Richard Whitehead from the Department of Assigned Counsel (DAC) was present, but he was not assigned or retained to represent Brown.[3] Referring to the new bail jumping charge, Whitehead noted that he "expect[ed] the statute of limitations ha[d] run on that." Report of Proceedings (RP) (Sept. 2, 2011) at 10. Judge Orlando responded, "It's probably three years from the time you're found, as opposed to if you are absconding. I think it would seem to toll the statute." RP (Sept. 2, 2011) at 10-11. Brown was sentenced for the rape and incest convictions. *Brown*, 312 P.3d at 1019. Judge Orlando declined to arraign Brown on the bail jumping charge.

On September 6, Brown, now represented by Whitehead, appeared before Judge Steiner for arraignment; without objection to lack of jurisdiction or on the basis of the statute of limitations, Brown pleaded not guilty. On October 10, an omnibus order was entered. In the omnibus order, Brown did not indicate his intent to raise subject matter jurisdiction or the statute

---

[2] Judge Orlando presided over Brown's 2002 trial. He also testified in Brown's later bail jumping trial. Because there are several judges referred to in the record, we refer to each judge by name for clarity.

[3] He later filed a notice of appearance in the case on September 8, 2011.

of limitations, and the line for "OTHER PRE-TRIAL MOTIONS" was left blank. Clerk's Papers (CP) at 124.

In early December, Judge Cuthbertson heard pretrial motions for Brown's bail jumping trial. Whitehead represented Brown. Whitehead moved to dismiss the bail jumping charge as violating CrR 4.3(b), the mandatory joinder rule. Judge Cuthbertson denied the motion.

Trial on the bail jumping charge was brief.[4] On the second day of trial, Whitehead notified the State that he intended to call a witness who had seen Brown in Pierce County in 2008. The State argued that Brown's witness had no relevant testimony. Whitehead responded that the testimony was relevant because the case was over nine years old, and the State was required to prove at trial why the statute of limitations had tolled and not expired. Whitehead explained, "I raised this at Mr. Brown's arraignment up in Judge Felnagle's Court on September 2nd." RP (Dec. 8, 2011) at 17. He then corrected himself that it was Judge Orlando's court, not Judge Felnagle's. The State argued that the statute of limitations was a legal issue that Judge Orlando already ruled on at Brown's arraignment,[5] and the superior court's ruling was the law of the case.[6] Judge Cuthbertson ruled that Brown's witness had not been timely disclosed, stated

---

[4] Because the substantive facts are not relevant to the arguments made on appeal, we do not recount those facts here.

[5] This appears to be a misstatement. Judge Orlando presided over Brown's sentencing hearing for his rape and incest convictions when the State asked him to arraign Brown on the bail jumping. But Judge Orlando specifically declined to arraign Brown and instead Judge Steiner later presided over the arraignment.

[6] The prosecutor was not the same prosecutor who had appeared for Brown's hearing on September 2 in front of Judge Orlando, so he apparently did not know exactly what had transpired:

> [State]: If Superior Court has made a ruling on it, which they obviously
> have because we are all here right now, then I think it's the law of the case, and I
> don't see that this witness has any relevance for the jury. Certainly, he could

Brown's whereabouts were not relevant, and granted the State's motion to exclude the witness. After additional argument, Judge Cuthbertson responded that Judge Orlando had already ruled on the jurisdictional issue.

Whitehead did not call any witnesses at trial, but did make an offer of proof of Brown's whereabouts during the time period at issue. The next morning, the jury returned a guilty verdict.

That same day, Whitehead filed a motion to dismiss for lack of jurisdiction, arguing that the statute of limitations of three years for bail jumping had expired, the statute of limitations in a criminal case was jurisdictional, and the State bore the burden of establishing that sufficient time had tolled. The parties argued the motion at sentencing a few months later. The court implicitly denied the motion and sentenced Brown. Brown appeals.

## ANALYSIS

Brown argues that his conviction must be reversed because the three-year statute of limitations is jurisdictional, and the State failed to meet its burden to prove that the statute had been tolled. The State argues that the statute of limitations is not jurisdictional, prior Court of Appeals cases that hold contrary are erroneous, and the statute was tolled in Brown's case. We agree with the State that the statute of limitations is not jurisdictional, but we remand for an evidentiary hearing to determine whether the statute of limitations had tolled.

---

[file] a declaration that would probably be something that an appellate court could use on the issue of the Statute of Limitations, which Mr. Whitehead has raised.
RP (Dec. 8, 2011) at 18.

4

No. 43040-1-II

We review de novo questions of a court's subject matter jurisdiction and pure questions of law. *State v. Peltier*, 176 Wn. App. 732, 737 n.6, 309 P.3d 506 (2013) (citing *Robb v. City of Seattle*, 176 Wn.2d 427, 433, 295 P.3d 212 (2013); *Cole v. Harveyland, LLC*, 163 Wn. App. 199, 205, 258 P.3d 70 (2011)), *review granted*, No. 89502-3 (Wash. Feb. 5, 2014).

DISCUSSION

The statute of limitations for criminal cases is found in RCW 9A.04.080, which provides,

(1) Prosecutions for criminal offenses shall not be commenced after the periods prescribed in this section.

. . . .

(h) No other felony may be prosecuted more than three years after its commission. . . .

(2) The periods of limitation prescribed in subsection (1) of this section do not run during any time when the person charged is not usually and publicly resident within this state.

Subsection (2) is known as the tolling provision. *State v. Willingham*, 169 Wn.2d 192, 194-95, 234 P.3d 211 (2010).

Bail jumping falls under RCW 9A.04.080(1)(h) because it is a felony and is not otherwise provided for in the statute. *See also* RCW 9A.76.170. Here, the State's information alleged that Brown jumped bail in May 2002. Therefore, Brown's bail jumping charge could not be prosecuted later than May 2005 unless the statute of limitations had tolled.

A. THE STATUTE OF LIMITATIONS IS NOT JURISDICTIONAL

Brown argues that we must dismiss the charges because the statute of limitations is jurisdictional; absent proof that the statute was tolled, the superior court did not have jurisdiction and his case must be dismissed with prejudice. We follow Division One of this court and acknowledge that the state constitution grants superior courts original jurisdiction over criminal

5

felony matters, and a statute cannot defeat what the constitution grants. Accordingly, we agree that the criminal statute of limitations is not jurisdictional.

In *Peltier*, Division One explained,

> For over 30 years, Washington's Courts of Appeal have consistently held that the expiration of a statutory limitation period, in a criminal case, deprives the trial court of subject matter jurisdiction over that controversy. The trial court understandably followed this authority in ordering the case dismissed. However, an opinion of our Supreme Court, issued 13 years ago [*In re Personal Restraint of Stoudmire*, 141 Wn.2d 342, 5 P.3d 1240 (2000)], indicates that the holdings of these appellate court cases are no longer viable. Nevertheless, in that same opinion, our Supreme Court made clear that a superior court judge has no authority to sentence a defendant and enter judgment in a criminal case in which the statutory limitation period expired before the charge was brought. Thus, we affirm the order of dismissal, albeit on a different basis than that relied upon by the trial court.

176 Wn. App. at 737. Division One explained the *Stoudmire* case: "Put simply, Stoudmire claimed that, because the applicable statutory limitation period had expired prior to him being charged with indecent liberties, the superior court had lost subject matter jurisdiction over the charges and was, therefore, not a court of competent jurisdiction when he was sentenced and judgment entered." *Peltier*, 176 Wn. App. at 742. The Supreme Court has disagreed, explaining,

> "A court does not lack subject matter jurisdiction solely because it may lack authority to enter a given order. A court has subject matter jurisdiction where the court has the authority to adjudicate the *type of controversy* in the action, and it does not lose subject matter jurisdiction merely by interpreting the law erroneously."

*Peltier*, 176 Wn. App. at 743 (citations omitted) (quoting *Stoudmire*, 141 Wn.2d at 353). Because the state constitution gives superior courts original jurisdiction in felony cases, superior courts have subject matter jurisdiction over all felony proceedings; a statute, such as a statute of limitations, cannot take away that jurisdiction. *Peltier*, 176 Wn. App. at 743-45. Instead, when a

statute of limitations runs, the court no longer has statutory authority to enter a judgment or sentence against the defendant.[7] *Peltier*, 176 Wn. App. at 750. The *Peltier* court determined that the statute of limitations does not present a jurisdictional issue. *Peltier*, 176 Wn. App. at 747.

*Peltier* and *Stoudmire* make clear that the statute of limitations is not a jurisdictional issue in Washington. Because the statute of limitations is not a jurisdictional issue, we next consider the appropriate remedy here.

## B. REMEDY

Brown asks us to dismiss his conviction because the State failed to prove at trial that the statute of limitations was tolled. The State asks us to remand for an evidentiary hearing on tolling of the statute of limitations. Remand is the appropriate remedy here.

In *State v. Walker*, 153 Wn. App. 701, 708, 224 P.3d 814 (2009), the record was incomplete because neither party had the opportunity to present evidence at the superior court about whether the statute of limitations had run. Division Three explained that while typically the remedy would be for a defendant to bring a personal restraint petition, it believed that remand for the superior court to consider the statute of limitations challenges was the most efficient use of judicial resources. *Walker*, 153 Wn. App. at 709 (citing RAP 7.3[8]).[9]

---

[7] The *Peltier* court discussed that a statute of limitations argument is not waived because if the statute of limitations has expired, then the superior court has lost its statutory authority to enter judgment in that case. 176 Wn. App. at 749-50. Likewise, Brown has not waived his statute of limitations argument here.

[8] RAP 7.3 provides, "The appellate court has the authority to determine whether a matter is properly before it, and to perform all acts necessary or appropriate to secure the fair and orderly review of a case. The Court of Appeals retains authority to act in a case pending before it until review is accepted by the Supreme Court, unless the Supreme Court directs otherwise."

[9] It further explained that "[t]he trial court shall grant the parties a reasonable time to gather and present evidence on the issue of whether Mr. Walker was not 'publicly and usually resident' in

Here, the record shows that Judge Cuthbertson mistakenly believed that Judge Orlando had previously ruled on the tolling of the statute of limitations. After argument from counsel regarding the statute of limitations, Judge Cuthbertson responded that Judge Orlando had already ruled on the jurisdictional issue. But the record shows that no evidentiary hearing was held, and Judge Orlando did not rule on the tolling of the statute of limitations. At Brown's first scheduled sentencing hearing on the child sex offense convictions regarding the newly-filed bail jumping offense, Judge Orlando noted that "[the statute of limitations is] probably three years from the time you're found, as opposed to if you are absconding. I think it would seem to toll the statute." RP (Sept. 2, 2011) at 10-11. But this was simply a passing comment. The sentencing hearing ended without further discussion of the statute of limitations and there were no further hearings in front of Judge Orlando on the issue. Based on the record, the trial court was under the erroneous belief that Judge Orlando had made a prior controlling ruling.[10]

We agree with *Walker*'s rationale regarding remand. Because we are an error-correcting court, and there is no ruling on the tolling of the statute of limitations for us to review, we remand to the superior court for an evidentiary hearing to determine whether the statute of limitations was tolled.

---

Washington during the charging period and enter appropriate findings of fact and conclusions of law, which should be transmitted to this court. If the court dismisses any counts, Mr. Walker should be resentenced and any aggrieved party can file a new appeal from that judgment. If the trial court does not grant any relief, Mr. Walker's counsel can seek permission by motion to brief any challenges to the court's findings and conclusions." *Walker*, 153 Wn. App. at 709 (footnote omitted).

[10] After some confusion at the trial level, the parties agree on appeal that Judge Orlando did not previously rule on the tolling of the statute of limitations.

BURDEN OF PROOF

Both parties ask this court to provide procedural guidance on remand. Because this issue has not been fully briefed by both parties, we are reluctant to do so, and we lack a ruling to review.

The parties argue that a threshold question is whether the State bears the burden to prove that the statute was tolled. Brown argues that because the statute of limitations is jurisdictional, the State bears the burden to prove jurisdiction at trial. But we rejected Brown's argument that the statute of limitations is jurisdictional, and Brown presents no alternative argument. The State argues that the statute of limitations is not jurisdictional but instead is an affirmative defense. Therefore, according to the State, Brown should bear the burden to prove the statute of limitations has expired. But Brown neither briefed nor discussed who has the burden of proof in the event we determined that the statute of limitations is not jurisdictional. Because this important issue is neither directly before us (there has been no ruling at the trial court level), nor has it been fully briefed by both parties, we decline to fully address who bears the burden to prove tolling under RCW 9A.04.080.

RCW 9A.04.080 does not assign the burden of establishing whether the statute was, or was not, tolled. *Walker*, 153 Wn. App. at 706. In *Walker*, Division Three of this court held the proponent of an exception to the statute should bear the burden of proving that the exception exists. 153 Wn. App. at 707. But the court noted, "That is especially the case where, as here, that exception is critical to the court's *jurisdiction*." *Walker*, 153 Wn. App. at 707 (emphasis added). Therefore, the court concluded that when a statute of limitations issue is raised, the State bears the burden of establishing that sufficient time is tolled to permit the prosecution to proceed. *Walker*, 153 Wn. App. at 707.

No. 43040-1-II

The State argues that we should disagree with *Walker* and hold that the defendant has the burden of proving that he was not usually and publicly a resident within this state because other jurisdictions have apparently done so. The State explains that "[i]mposing the burden on the State would have the absurd result of nullifying the tolling provision in the majority of cases." Br. of Resp't at 26. It is worth noting that *Walker* was abrogated in part by *Peltier*. *Peltier* disagreed with *Walker*'s underlying position that the statute of limitations is jurisdictional. Since the ruling in *Peltier*, it is unclear whether the *Walker* court will continue to place the burden of proving a *nonjurisdictional* statute of limitations exception on the State. We refrain from giving an advisory opinion on this issue for the reasons given above.

We remand for proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, C.J.

BJORGEN, J.

10