

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 JUL 14  AM 11: 21

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint Petition of | ) ) ) | No. 68740-9-I |
| BENJAMIN LEE SMALLS, | ) ) ) | DIVISION ONE |
| | ) | PUBLISHED OPINION |
| Petitioner. | ) ) | FILED: July 14, 2014 |

LEACH, J. — Benjamin Lee Smalls collaterally attacks his 2009 convictions for assault in the second degree and murder in the second degree. He seeks to withdraw his guilty pleas to both crimes and dismissal of the assault charge. Smalls's judgment and sentence shows that he was charged and convicted of assault in violation of the statute of limitations. As a result, the State concedes that the assault charge should be dismissed.

Smalls also contends that this facial error and a sentencing error for his murder conviction entitle him to collaterally challenge his guilty plea to murder more than one year after his judgment and sentence became final. Because he identifies no facial error relating to his murder conviction, RCW 10.73.090(1) bars this collateral challenge. Smalls's sole remedy, which he has not requested, is correction of his sentence for this conviction.

FACTS

On March 3, 2008, the State charged Smalls with murder in the second degree for shooting and killing Stephen Kirk in 2002. The State sought a firearm sentencing enhancement. On April 25, 2008, the State filed an amended information that added a charge for assault in the second degree for pointing a handgun at a witness after shooting Kirk. The State also sought a firearm sentencing enhancement on this count.

Smalls pleaded guilty to murder in the second degree and to assault in the second degree[1] in exchange for dismissal of the firearm enhancement request on the assault charge and dismissal of a pending charge in an unrelated case.[2] Based upon an offender score of 9, the trial court imposed concurrent sentences of 418 months' confinement for the murder count and 84 months' confinement for the assault count.

Smalls appealed to this court. He alleged that his plea was involuntary because of postplea changes in the law about the length of community custody authorized for his crimes, as well as numerous other claims. In an unpublished opinion, we remanded for entry of an order amending the community custody

---

[1] Before sentencing, Smalls sought to withdraw his guilty plea, claiming that he was incompetent. Two evaluations concluded that Smalls was competent. State v. Smalls, noted at 158 Wn. App. 1031, 2010 WL 4400088, at *1.

[2] The State later agreed to destroy the evidence in the unrelated case.

period but otherwise affirmed Smalls's judgment and sentence. This court issued its mandate on March 18, 2011.

On April 12, 2012, Smalls filed in the sentencing court a CrR 7.8(b) motion for relief from judgment seeking "to have his sentence for murder in the second degree with firearm enhancement and assault in the second degree vacated; to withdraw his plea to both counts I and II and to have count II dismissed . . . ." The court transferred Smalls's motion to this court for consideration as a personal restraint petition.

## STANDARD OF REVIEW

To prevail on a collateral attack on a judgment and sentence by way of a personal restraint petition, a petitioner must establish that a constitutional error has occurred and it has resulted in actual and substantial prejudice or that a nonconstitutional error has caused a complete miscarriage of justice.[3]

## ANALYSIS

The State's appropriate concession on the assault conviction leaves one issue for this court to decide: Can Smalls collaterally attack his murder conviction on the grounds alleged? He cannot, because he filed his motion more than one year after the judgment in his case became final and no recognized exception to this time bar applies to his allegations.

---

[3] In re Pers. Restraint of Grantham, 168 Wn.2d 204, 212, 227 P.3d 285 (2010) (quoting In re Pers. Restraint of Isadore, 151 Wn.2d 294, 298, 88 P.3d 390 (2004)).

RCW 10.73.090 prohibits filing a collateral attack on a judgment and sentence in a criminal case more than one year after the judgment becomes final "if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." Smalls contends that this one-year requirement does not apply to his challenge because his judgment and sentence is invalid on its face and the trial court was not a court of competent jurisdiction. In addition, Smalls claims that a statutory exception to the one-year limit applies because "[t]he sentence imposed was in excess of the court's jurisdiction."[4]

The State concedes that Smalls's judgment and sentence is facially invalid in two ways. It affirmatively shows that the State charged Smalls with assault in the second degree after the statute of limitations expired. Thus, the trial court had no authority to convict Smalls of that crime. As Smalls has requested, he is entitled to withdraw his guilty plea to this crime and have the corresponding charge dismissed.

The State also concedes the facial invalidity of the sentence imposed for Smalls's murder conviction. A sentence imposed based upon an erroneous offender score is facially invalid.[5] The trial court used an offender score of 9 for the murder conviction, including 2 points for the invalid assault conviction. His correct offender score is 7, which reduces his standard range from 298-397

---

[4] RCW 10.73.100(5).
[5] In re Pers. Restraint of Goodwin, 146 Wn.2d 861, 866-67, 50 P.3d 618 (2002).

-4-

months to 216-316 months, plus 60 months for the firearm enhancement. Therefore, Smalls's 418-month sentence violates Washington law. Smalls is entitled to some relief from this sentence under RAP 16.4(c)(2).[6] He has not requested this.

Smalls asks to withdraw his murder plea. But the fact that a portion of the judgment and sentence is facially invalid does not make the entire judgment and sentence invalid. It "does not affect the finality of that portion of the judgment and sentence that was correct and valid at the time it was pronounced."[7]

Smalls does not challenge the facial validity of the murder conviction, only the facial validity of the sentence for it. Instead, he challenges the subject matter jurisdiction of the trial court to enter the murder conviction[8] on three grounds. First, he alleges that the entire plea bargain exceeded the trial court's authority because he pleaded guilty to the assault charge and agreed to a sentence based upon an offender score that included the erroneous assault charge. Second, he asserts that the plea bargain was inconsistent with the interests of justice and prosecution standards, in violation of RCW 9.9A.431(1), because it required conviction for a time-barred crime and a sentence based upon an incorrect

---

[6] This rule states, "The conviction was obtained or the sentence or other order entered in a criminal proceeding or civil proceeding instituted by the state or local government was imposed or entered in violation of the Constitution of the United States or the Constitution or laws of the State of Washington."

[7] In re Pers. Restraint of Carle, 93 Wn.2d 31, 34, 604 P.2d 1293 (1980) (citing McNutt v. Delmore, 47 Wn.2d 563, 565, 288 P.2d 848, 850 (1955)).

[8] A party may challenge subject matter jurisdiction for the first time at any point in a proceeding, even on appeal. State v. Peltier, 176 Wn. App. 732, 744, 309 P.3d 506 (2013) (quoting In re Marriage of McDermott, 175 Wn. App. 467, 479, 307 P.3d 717 (2013)), review granted, 179 Wn.2d 1014 (2014).

offender score. Finally, he claims that his plea was involuntary because of misinformation about the possible charges and sentence that he could face at trial. We reject these contentions.

The superior court has original subject matter jurisdiction over all felony criminal proceedings.[9] A court lacks subject matter jurisdiction when it attempts to decide a type of controversy that it has no authority to decide.[10] A court does not lack subject matter jurisdiction merely because it may lack authority to enter a given order.[11] Smalls concedes our holding that a statute of limitations does not divest a trial court of subject matter jurisdiction, but preserves this issue for further review.[12] While Smalls could not waive the statute of limitations for assault by pleading guilty,[13] he fails to show that the trial court lacked subject matter jurisdiction to enter his judgment and sentence. It lacked statutory authority to enter only parts of it.

In re Personal Restraint of Snively[14] controls the timeliness of Smalls's three challenges to his murder conviction. In Snively, the defendant sought to withdraw a guilty plea to indecent liberties because of a facially invalid sentence.

---

[9] State v. Golden, 112 Wn. App. 68, 73, 47 P.3d 587 (2002) (citing WASH. CONST. art. IV, § 6; RCW 2.08.010; State v. Werner, 129 Wn.2d 485, 492, 918 P.2d 916 (1996)).

[10] Peltier, 176 Wn. App. at 744 (quoting Marley v. Dep't of Labor & Indus., 125 Wn.2d 533, 539, 886 P.2d 189 (1994)).

[11] Peltier, 176 Wn. App. at 743 (quoting In re Personal Restraint of Stoudmire, 141 Wn.2d 342, 353, 5 P.3d 1240 (2000)).

[12] Peltier, 176 Wn. App. at 746. ("[A] statute may not divest a superior court of subject matter jurisdiction unless it, at the same time, assigns that subject matter jurisdiction to some other court. Obviously, a statute of limitation does not do this.").

[13] Peltier, 176 Wn. App. at 749.

[14] 180 Wn.2d 28, 320 P.3d 1107 (2014).

The Supreme Court held that he could not, explaining, "Although Snively avoids the time bar so as to allow him to challenge the facially invalid sentence, his claim that his plea was involuntary due to misinformation as to sentencing is not by itself an exempt ground for relief under RCW 10.73.100."[15] Accordingly, the court concluded, "Snively may not rely on the existence of a facial sentencing error to assert other time barred claims."[16] When a judgment and sentence is facially invalid, the proper remedy is remand to correct the error.[17] In Snively, the Supreme Court explained that the "sole remedy" was correction of the erroneous sentence.[18]

Similarly, the facial errors in Smalls's judgment and sentence can be corrected by allowing him to withdraw his assault plea, dismissing the assault charge, and correcting his erroneous murder sentence. Thus, this is the sole relief available to him. RCW 10.73.090 bars his three untimely collateral challenges to his murder conviction because none fit within any of the exceptions listed in chapter 10.73 RCW. Although Smalls does not ask us to remand for

---

[15] Snively, 180 Wn.2d at 32 (citing In re Pers. Restraint of Toledo-Sotelo, 176 Wn.2d 759, 770, 297 P.3d 51 (2013); In re Pers. Restraint of Clark, 168 Wn.2d 581, 587, 230 P.3d 156 (2010)).

[16] Snively, 180 Wn.2d at 32 (citing In re Pers. Restraint of Adams, 178 Wn.2d 417, 424-25, 309 P.3d 451 (2013)).

[17] In re Pers. Restraint of Tobin, 165 Wn.2d 172, 176, 196 P.3d 670 (2008) (citing Goodwin, 146 Wn.2d at 877; In re Pers. Restraint of West, 154 Wn.2d 204, 215, 110 P.3d 1122 (2005)).

[18] Snively, 180 Wn.2d at 32 (citing Adams, 178 Wn.2d at 427).

correction of the erroneous portion of his sentence, our decision does not preclude Smalls from making this request in the trial court.[19]

Smalls claims that our Supreme Court's opinion in In re Personal Restraint of Yates[20] entitles him to withdraw his pleas because he demonstrates prejudice—that he would not have pleaded guilty but for the misinformation. To support this claim, he cites to language in the Yates opinion dismissing Yates's personal restraint petition because he made no showing of prejudice.[21] Smalls misreads Yates.

In Yates, decided the same day as Snively, the defendant sought to withdraw guilty pleas to 13 counts of aggravated first degree murder because the judgment and sentence was facially invalid. It imposed a determinate 408-year sentence instead of 408 years with a possible extension to life in prison.[22] The petitioner argued that his plea was invalid because he was not correctly informed that the proper sentence was an indeterminate sentence of 20 years to life rather than a determinate sentence of 20 years on two counts.[23]

---

[19] See Snively, 180 Wn.2d at 32 n.2 ("Snively does not ask for correction of the sentence but seeks only to withdraw his plea and ultimately be released from civil commitment. Our decision today does not preclude Snively from requesting correction of the judgment and sentence in the trial court.").

[20] 180 Wn.2d 33, 321 P.3d 1195 (2014).

[21] Yates, 180 Wn.2d at 35.

[22] Yates, 180 Wn.2d at 39.

[23] Yates, 180 Wn.2d at 39-40.

The court agreed that the judgment and sentence was facially invalid and his petition was not time barred.[24] But it held that to obtain relief through a personal restraint petition, Yates needed to show a practical difference between the sentence actually imposed and the sentence that he should have received.[25] The court stated,

> [The petitioner's] only attempt to show that he was prejudiced by the error in his sentence was in a later supplemental declaration where he indicated that he would not have taken the plea deal if he had known that the sentences for two of his murder charges were 20 years rather than what the law required: an indeterminate life sentence with a minimum of 20 years. However, we do not attempt to look into the mind and motivations of the defendant when determining whether an error resulted in prejudice. Instead, we evaluate the practical effects that result from the error.[26]

Thus, because the sentencing court could provide Yates no meaningful relief from the sentencing error by correcting the judgment and sentence, the court dismissed his petition instead of remanding to the trial court to correct the sentence.[27] The court considered Yates's failure to show prejudice in this context. It did not consider the merits of Yates's request to withdraw his guilty pleas and find them wanting.

---

[24] Yates, 180 Wn.2d at 39.
[25] Yates, 180 Wn.2d at 41.
[26] Yates, 180 Wn.2d at 41 (citing In re Pers. Restraint of Stockwell, 179 Wn.2d 588, 602, 316 P.3d 1007 (2014).
[27] Yates, 180 Wn.2d at 41. The court concluded, "Yates agreed to a sentence of 408 years in prison and he should have been sentenced to a minimum of 408 years with a potential extension to a life sentence. Given the reality of the human life-span, there is no difference between those two sentences. There is simply no way to find prejudice in this context." (Footnote omitted.)

We reconcile <u>Snively</u> with <u>Yates</u>. A petitioner whose judgment and sentence is facially invalid may obtain relief by showing that this facial invalidity had a practical effect on his sentence. A petitioner who makes this showing is entitled only to a remand to the trial court to correct the invalidity but is not entitled to assert a time-barred challenge to the validity of his plea. If, like Yates, the petitioner cannot show prejudice caused by the sentencing court, he is not entitled to any relief and his petition will be dismissed.

## CONCLUSION

Smalls's judgment and sentence is facially invalid because the trial court had no authority to convict for assault in the second degree or impose the murder sentence. But, RCW 10.73.090 bars Smalls's request to withdraw his guilty plea to murder. The personal restraint petition is granted in part, the assault conviction is vacated, and the matter is remanded for further proceedings consistent with this opinion.

_Leach, J._

WE CONCUR:

_Verellen, J._

_Spearman, C.J._

-10-