IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33703-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROBERT LEE YATES, JR., | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Robert Yates has filed a successive collateral attack of sentences imposed on him for first degree murder. The procedural posture of this case divests us of jurisdiction. Nevertheless, because Mr. Yates's claims are potentially meritorious, the matter is transferred to the Supreme Court for further review.

FACTS

In 2000, Mr. Yates pleaded guilty in Spokane County Superior Court to 13 counts of first degree murder and one count of attempted first degree murder. He received a sentence of 4,900 months (just over 408 years).[1] At issue in this case are the sentences

_____

[1] In 2002, Mr. Yates was convicted of two counts of aggravated first degree murder in Pierce County Superior Court and sentenced to death. *In re Pers. Restraint of Yates*, 180 Wn.2d 33, 35-36, 321 P.3d 1195 (2014).

for two counts of first degree murder as charged in counts I and II. (*See* App. Br. at 3-4)

Those crimes occurred in 1975, prior to the Sentencing Reform Act of 1981, chapter

9.94A RCW. *In re Pers. Restraint of Yates*, 180 Wn.2d 33, 36, 321 P.3d 1195 (2014).

The sentencing court listed the sentences for counts I and II each as 20 years. The

sentences for all counts are to be served consecutively.

In 2012, Mr. Yates filed a personal restraint petition (PRP) in the Washington

Supreme Court. He argued his judgment and sentence was facially invalid because the

20-year sentences for counts I and II exceeded the sentencing court's legal authority

under the law, which required indeterminate life sentences (with a minimum of 20 years)

for those counts. Finding the authority for determining Mr. Yates's maximum sentence

rested with the Indeterminate Sentencing Review Board and not with the sentencing

court, the Supreme Court agreed with Mr. Yates, holding his judgment and sentence to be

facially invalid. *Yates*, 180 Wn.2d at 39. However, the *Yates* court noted Mr. Yates did

not seek resentencing; rather, he sought to withdraw his allegedly involuntary guilty plea.

*Id.* at 39; *id.* at 51 (McCloud, J., concurring). By alleging misinformation rendered his

plea involuntary, Mr. Yates had to show actual and substantial prejudice. *Id.* at 40-41

(majority opinion). Because there was no practical effect resulting from the error—Mr.

Yates agreed to a sentence of 408 years when he should have been sentenced to a

2

minimum of 408 years with a potential expansion to a life sentence—the court dismissed

Mr. Yates's petition. *Id.* at 41-42.

Following that dismissal, Mr. Yates filed a CrR 7.8(b) motion to vacate judgment

and for resentencing on counts I and II, again contending the judgment and sentence to be

facially invalid because of the 20-year determinate sentences. Relying on *In re Pers.*

*Restraint of Smalls*, 182 Wn. App. 381, 335 P.3d 949 (2014), the superior court dismissed

Mr. Yates's motion, reasoning he had not demonstrated any actual prejudice. Mr. Yates

appeals.

## ANALYSIS

Mr. Yates contends his judgment and sentence is facially invalid, thus

necessitating resentencing.[2] Mr. Yates's legal claim has merit. While the sentencing

court only had authority to impose a 20-year minimum sentence for counts I and II, it

instead imposed a 20-year determinate, or maximum, sentence. *Yates*, 180 Wn.2d at 39.

The authority for determining the maximum sentence rests with the Indeterminate

---

[2] Mr. Yates also filed a statement of additional grounds (SAG) in which he alleges
sentencing mistakes were made in part because of the number of people in the courtroom
on the day of sentencing and the "highly emotionally supercharged climate." SAG at 3.
Mr. Yates's counsel adequately addressed the need for resentencing due to sentencing
mistakes. Additional review of Mr. Yates's SAG concerns is unwarranted. *See* RAP
10.10(a).

Sentencing Review Board. *Id.* (citing RCW 9.95.011(1)). The law does not allow the

sentencing court to set a determinate sentence as the sentencing court did here. *Id.* As

such, Mr. Yates's sentences on counts I and II were outside of the court's statutory

authority. *Id.*

Unlike what was true in the context of Mr. Yates's prior petition, the success of the

current collateral attack does not depend on demonstrating prejudice in the practical

sense. *See id.* at 50-51 (McCloud, J., concurring). An illegal sentence is a fundamental

defect that results in a complete miscarriage of justice. *See In re Pers. Restraint of

Goodwin*, 146 Wn.2d 861, 876-77, 50 P.3d 618 (2002). No further analysis of harm is

required for relief. *Id.* To the extent the decision of *Smalls*, 182 Wn. App. 381, suggests

otherwise, it is dicta.

The State's primary response to Mr. Yates is that his collateral attack must be

dismissed as successive. While we agree it is successive, dismissal is not required.

Criminal Rule 7.8(b) expressly states the motion is subject to RCW 10.73.140, and

because the Supreme Court is not bound by RCW 10.73.140's restriction on successive

petitions, the proper response from this court is to transfer Mr. Yates's petition to the

Supreme Court for further review. *In re Pers. Restraint of Johnson*, 131 Wn.2d 558, 563-

67, 933 P.2d 1019 (1997) (if a collateral attack might have merit yet is successive, it must

4

No. 33703-1-III
*State v. Yates*

be transferred to the Supreme Court).[3]

CONCLUSION

Based on the foregoing, this matter is transferred to the Supreme Court for

appropriate action.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:

_____      _____
Lawrence-Berrey, A.C.J.                              Siddoway, J.

---

[3] Alternatively, the State argues Mr. Yates's CrR 7.8(b) motion constitutes an abuse of the writ. This argument can be made to the Supreme Court.

As for the State's contention that Mr. Yates's motion was frivolous, the Supreme Court did find the judgment and sentence facially invalid. The Supreme Court has approved of allowing petitioners to seek resentencing following dismissal of a PRP where the petitioner sought a different remedy than resentencing. *See In re Pers. Restraint of Snively*, 180 Wn.2d 28, 32 n.2, 320 P.3d 1107 (2014). As such, it would be difficult to characterize Mr. Yates's motion as frivolous.