IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74232-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BENJAMIN LEE SMALLS, | ) | |
| | ) | |
| Appellant. | ) | FILED: October 3, 2016 |

SCHINDLER, J. — In In re Personal Restraint of Smalls, 182 Wn. App. 381, 335 P.3d 949 (2014), we remanded for correction of the offender score. Benjamin Lee Smalls appeals from the sentence imposed on remand. Smalls contends the trial court violated his right to counsel by denying his request for a continuance. Because the trial court did not abuse its discretion in denying the continuance, we affirm.

FACTS

In 2008, the State charged Benjamin Lee Smalls with murder in the second degree of Stephen Kirk and assault in the second degree for pointing a gun at a witness after shooting Kirk. Smalls pleaded guilty to murder in the second degree while armed with a firearm and assault in the second degree. In exchange, the State agreed to dismiss the firearm enhancement on the assault charge and dismiss charges against Smalls in another case.

Before sentencing, Smalls retained attorney Craig McDonald to withdraw his guilty plea on the grounds that Smalls was not competent. An evaluation from Western

State Hospital and an independent doctor concluded Smalls was competent. Smalls did not file a motion to withdraw the guilty plea. The court sentenced Smalls to 418 months of total confinement and 48 months of community custody.

Smalls appealed. We rejected Smalls' contention that postplea changes in the law related to the length of community custody resulted in an involuntary guilty plea. We affirmed the conviction but remanded to correct the period of community custody. See State v. Smalls, noted at 158 Wn. App. 1031, 2010 WL 4400088, review denied, 171 Wn.2d 1007, 249 P.3d 183 (2011).

On April 12, 2012, Smalls filed a CrR 7.8(b) motion seeking withdrawal of his guilty plea to murder and assault and dismissal of the assault charge. The trial court transferred the motion for consideration as a personal restraint petition. See CrR 7.8(c)(2).

In In re Personal Restraint of Smalls, 182 Wn. App. 381, 391, 386, 335 P.3d 949 (2014), review denied, 182 Wn.2d 1015, 345 P.3d 783 (2015), we granted Smalls' petition to vacate the assault conviction because the State charged Smalls with assault in the second degree after expiration of the statute of limitations. We rejected the three grounds for collateral attack to his murder conviction and the plea agreement as time barred under RCW 10.73.090(1). Smalls, 182 Wn. App. 389. We noted that the facial sentencing error arising from the unlawful assault conviction did not permit Smalls to raise otherwise time-barred challenges to his murder conviction. Consequently, the "sole relief" available to Smalls was withdrawal of the assault plea, dismissal of the assault charge, and remand for resentencing on the murder conviction based on an offender score that did not include the assault conviction. Smalls, 182 Wn. App. at 389.

2

McDonald represented Smalls on remand. The court scheduled resentencing for September 18, 2015. On September 16, McDonald filed a sentencing memorandum seeking a 30-day continuance. McDonald explained that because Smalls was not transported to the King County jail until September 15, he was unable to meet with Smalls at the jail until September 16. In addition, Smalls was attempting to obtain documentation of completed classes and custody status promotions from the Department of Corrections and his fiancée was unavailable for the scheduled hearing date. McDonald also noted the intent to research whether the State's midpoint sentence recommendation "was an integral part of the previous plea agreement." The court granted a continuance until October 23, 2015.

The day before the sentencing hearing scheduled for October 23, McDonald filed a presentence memorandum informing the court that Smalls wanted to "discharge" him and retain a new private attorney and needed a second continuance "to continue to pursue relief" in a personal restraint petition.

> Because current counsel is a witness to some of the events prior to the expiration of the one year time bar, he cannot represent Mr. Smalls in that pursuit. Mr. Smalls wants one attorney to pursue both further relief from collateral attack and re-sentencing.

In the presentence memorandum, McDonald asserts Smalls had "become a model inmate" earning a GED[1] and 28 credits toward an Associate of Arts degree and completing mental health counseling and parenting classes. The presentence memorandum also states Smalls needed additional time to obtain certificates for some of the classes he completed and transcripts from community college.

---

[1] General equivalency diploma.

In the alternative, the memorandum presents the defense sentencing recommendation of a low-end standard range sentence and waiver of all discretionary legal financial obligations (LFOs).

At the October 23 sentencing hearing, McDonald repeated the request for a continuance so that he could withdraw and Smalls could hire a new attorney.

> [Smalls] wants another lawyer to pursue both the [CrR] 7.8 motion for relief, if any, and to continue sentencing for that reason, and have the same lawyer doing the same thing at the same time, or the same with the additional tasks of pursuing the sentencing and any additional relief.

The court noted the decision in Smalls, 182 Wn. App. at 389, that rejected Smalls' collateral attacks to the murder conviction and requested an offer of proof of the potential grounds for collateral relief. In response, McDonald suggested investigation of "any tolling potentially while [Smalls] was with any competency proceedings pending." McDonald then asserted he had a potential conflict of interest as to future collateral challenges because he had overlooked the statute of limitations issue while representing Smalls during plea negotiations.

However, McDonald acknowledged the Court of Appeals indicated that no further collateral relief was available to Smalls given the time bar.

> I frankly thought that given what the Court had said in the decision in his case that the matter may have been closed. He wants to pursue it, Mr. Smalls wants to continue to pursue it and frankly I'm in a position of I think at least some conflict of interest.

The court refused to continue resentencing based on the possibility that McDonald might become a witness in a future collateral challenge.

> [T]he Court understands that, but the Court must also consider the nature of the attack, the likelihood of whether or not those legal issues have been addressed already in the underlying appeal, and I think that the Court of Appeals was very clear that this was time barred. This does not mean that he cannot pursue it, but the Court's not going to continue the

sentencing in order for him to do that, or stay the sentencing for that purpose. He still has a right to pursue it, he still has the right to put in a [personal restraint petition], but we're not continuing the sentencing.

Smalls then addressed the court. Smalls said his family was currently "in the motion of hiring counsel for me to represent me at sentencing" and "we're just waiting on the paycheck to be delivered to counsel." Smalls expressed no specific dissatisfaction with McDonald. Smalls asked for a continuance of at least two days to a week and promised the court that "new counsel will make a record."

> Craig's a good dude, but my family doesn't really have the trust and faith in Mr. McDonald as well as they've hired — they're paying an attorney, and within a week if you could just continue this just for a week, for my new counsel to make the record, that will happen. And if not, then we could continue sentencing next week. But that's my, I guess, promise to the Court that new counsel will make a record, because they will be paid to represent me at sentencing.

Smalls did not identify the private attorney he referred to and the court noted there was no notice of appearance in the record. Smalls also pointed out that his family members and fiancée were not present and he needed "a couple days" to get letters from his mother and children. The court told Smalls that it had already granted him a 30-day continuance of the sentencing "for you to provide that." Smalls attributed the delay to "a breakdown in communication between Mr. McDonald and my family" and the fact that "my fiancée was over in India doing work, and she came back October 3rd."

McDonald informed the court that he had been in touch with Smalls' family and expected them to be present that day. McDonald noted he also received additional documents from the Department of Corrections including some of Smalls' certificates.

The State opposed another continuance. The prosecutor argued the court already granted Smalls a 30-day continuance and the investigating detectives and victim's family members including aunt, uncle, sister, and son were present and

5

prepared to participate at the hearing. The prosecutor noted the victim's family members would participate by phone because "medical issues" and caregiving responsibilities prevented the family members from being present in the courtroom.

The court denied a continuance and proceeded with sentencing.

> So given the timing, given again that this court has continued it previously for this purpose, the Court at this time is going to deny the continuance. We will proceed to sentencing today.

The State recommended a high-end standard range sentence of 376 months total confinement including the firearm enhancement.

McDonald argued in favor of a low-end standard range sentence of 276 months total confinement based on Smalls' educational efforts and successful participation in other prison programs and classes. McDonald advised the court he unsuccessfully attempted to arrange the presence of Smalls' family members by phone.

The trial court acknowledged Smalls' rehabilitation efforts in prison. The court recognized Smalls was "not the same person" he was at the time of the crime and had "taken steps to grow." The court imposed a sentence below the midpoint of the standard range of 300 months total confinement.

## ANALYSIS

Smalls contends the trial court violated his constitutional right to counsel by denying his request for a continuance and effectively preventing him from retaining private counsel. Smalls asserts he is entitled to a new resentencing hearing.

The Sixth Amendment right to assistance of counsel generally grants a criminal defendant the right to counsel of his choice. U.S. CONST., amend. VI; State v. Hampton, 184 Wn.2d 656, 662, 361 P.3d 734 (2015); State v. Aguirre, 168 Wn.2d 350, 365, 229 P.3d 669 (2010). But this right is not absolute. Hampton, 184 Wn.2d at 663. The trial

court retains wide latitude in balancing " 'the right to counsel of choice . . . against the demands of its calendar' " and " 'the public's interest in the prompt and efficient administration of justice.' " Hampton, 184 Wn.2d at 663[2] (quoting United States v. Gonzalez-Lopez, 548 U.S. 140, 152, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006); Aguirre, 168 Wn.2d at 365). " 'The resolution of this balancing exercise falls squarely within the discretion of the trial court.' " Hampton, 184 Wn.2d at 663 (quoting Aguirre, 168 Wn.2d at 365).

In determining whether to grant a continuance related to a defendant's choice of private counsel, the court considers all relevant information including the following 11 factors:

"(1)   [W]hether the request came at a point sufficiently in advance of trial to permit the trial court to readily adjust its calendar;

(2)   the length of the continuance requested;

(3)   whether the continuance would carry the trial date beyond the period specified in the state speedy trial act;

(4)   whether the court had granted previous continuances at the defendant's request;

(5)   whether the continuance would seriously inconvenience the witnesses;

(6)   whether the continuance request was made promptly after the defendant first became aware of the grounds advanced for discharging his or her counsel;

(7)   whether the defendant's own negligence placed him or her in a situation where he or she needed a continuance to obtain new counsel;

---

[2] Alteration in original.

7

(8)    whether the defendant had some legitimate cause for dissatisfaction with counsel, even though it fell short of likely incompetent representation;

(9)    whether there was a 'rational basis' for believing that the defendant was seeking to change counsel 'primarily for the purpose of delay';

(10)   whether the current counsel was prepared to go to trial; [and]

(11)   whether denial of the motion was likely to result in identifiable prejudice to the defendant's case of a material or substantial nature."

Hampton, 184 Wn.2d at 669-70 (quoting 3 WAYNE R. LaFAVE ET AL., CRIMINAL PROCEDURE § 11.4(c), at 718-20 (3d ed. 2007)).

The court's decision will necessarily rest on the specific facts of each case and not all factors will be present in all cases. Hampton, 184 Wn.2d at 670. We review the trial court's decision for an abuse of discretion. Hampton, 184 Wn.2d at 670. The trial court abuses its discretion if its decision "is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons." State v. Blackwell, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993).

Smalls contends the trial court could readily have adjusted its calendar to accommodate a brief two-day continuance for the sentencing hearing. Smalls claims the prior 30-day continuance was necessary primarily because of his late transport to the jail and lack of communication with McDonald. Smalls also claims he promptly requested the continuance as soon as family members confirmed they had hired an attorney. Smalls maintains he had a legitimate cause for dissatisfaction with McDonald who acknowledged overlooking the unlawful assault charge at the time Smalls was seeking to withdraw his guilty plea. Smalls insists a continuance would not have inconvenienced the victim's family members because they appeared by phone. Finally,

8

Smalls argues the denial of a continuance prejudiced him by depriving him of his counsel of choice and forcing him to proceed with an attorney who was only partially prepared.

The record provides scant support for Smalls' assertion that he needed only a brief continuance. Smalls description to the court of the precise status of the new attorney was vague. At one point, Smalls told the court his family was "in the motion of hiring counsel for me." At another point, Smalls told the court that "we're just waiting on the paycheck to be delivered to counsel." As the court noted, the new attorney had not yet filed a notice of appearance and Smalls did not provide even the name of the new attorney. Although Smalls indicated the new attorney could be ready in two days, he also acknowledged he might need to ask for an additional continuance the following week if the new attorney did not "make a record." Smalls' statement suggests the delay in sentencing would likely have been longer than the two days to a week that he requested.

Smalls was also vague about the additional documentation he needed for the sentencing hearing. Smalls specifically referred to letters from his mother and children but failed to explain why he did not obtain those documents during the original 30-day continuance.

Smalls' assertion that a continuance would not inconvenience the victim's family members is unpersuasive and speculative. The victim's family members participated by phone because medical issues and family care obligations prevented them from being present in the courtroom. But a further continuance would undoubtedly have involved additional inconvenience for the four family members.

9

The circumstances here including Smalls' failure to provide specific information about hiring the new attorney, Smalls' own uncertainty about the necessary length of another continuance and the other documentation he needed, and the need to schedule multiple participants for a new hearing support the court's decision to deny Smalls' request one day before the hearing for a second continuance.

The State acknowledges Smalls had a legitimate basis for dissatisfaction with McDonald who had overlooked the statute of limitations problem with the assault charge during plea negotiations. But Smalls was aware of the basis for any dissatisfaction no later than July 2014 when this court vacated the assault conviction. Smalls did not request a continuance to replace McDonald until just before the October 2015 resentencing hearing.

Smalls concedes McDonald was "partially prepared for sentencing" but criticizes his representation because he failed to obtain the presence of Smalls' family at the hearing. However, the record shows McDonald had "been in touch" with Smalls' family members and they were aware of the sentencing hearing, and McDonald expected Smalls' family members to be present at the hearing. McDonald also spoke to Smalls' mother and fiancée and made a final effort during the sentencing hearing to obtain the presence of family members by phone. As the trial court observed, "We can't force them to be here."

Further, denial of the continuance was unlikely to result in any identifiable prejudice. McDonald filed a presentence memorandum and ably represented Smalls at the hearing arguing for a low-end standard range sentence. Based on the defense argument and documentation, the court fully recognized Smalls' rehabilitation efforts

and imposed a sentence below the standard range midpoint, a favorable result under the circumstances.

In sum, we conclude the trial court did not abuse its discretion in denying a continuance.

Relying on our decision in State v. Sinclair, 192 Wn. App. 380, 367 P.3d 612, review denied, 185 Wn.2d 1034, 377 P.3d 733 (2016), Smalls requests we not impose costs on appeal. See RCW 10.73.160(1); RAP 14.2. Smalls relies on the length of his sentence (300 months), the trial court's decision not to impose discretionary LFOs or enter a finding that he has the present and future ability to pay LFOs, and his continued indigency for purposes of appeal. See Sinclair, 192 Wn. App. at 393. After consideration of the factors addressed in Sinclair, we exercise our discretion and determine that no appellate costs shall be awarded. We affirm the judgment and sentence.

WE CONCUR:

Schindler, J.

Mann, J.

Cox, J.