FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 MAY -1 AM 9: 37

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the<br>Personal Restraint Petition of<br><br>KYLE CHRISTOPHER BUCKINGHAM,<br><br>Petitioner. | No. 74697-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: May 1, 2017 |

MANN, J. — In this petition for relief from personal restraint, Kyle Buckingham challenges 5 of the 29 community custody conditions imposed as part of his 2007 sentence for first degree child rape. Buckingham challenges conditions 6, 7, 18, 22, and 26 as either unconstitutionally vague or not crime-related, and therefore, facially invalid. The State concedes that condition 6, and portions of conditions 7 and 26 are invalid and should be remanded and stricken. The State also concedes that condition 9 is unconstitutionally vague and should be stricken.

We remand to the trial court for resentencing. On remand, condition 6, the first sentence of condition 7, conditions 9, 18, 22, and the reference to plethysmograph examinations in condition 26, must be stricken or corrected to eliminate error.

I

On July 1, 2007, the then 21-year-old Buckingham raped 4-year-old S.S. by kissing her on her mouth and vagina and putting his finger inside her vagina. Buckingham was questioned by police that night and admitted to kissing and digitally raping S.S. He stated that he had a fetish for children. On December 24, 2007, Buckingham agreed to a bench trial on stipulated documentary evidence. On March 17, 2008, Buckingham was found guilty of first degree child rape.

At sentencing, the trial court considered a presentence investigation that included a deviancy assessment by Dr. Norman Glassman. Buckingham told Dr. Glassman that he was drunk and had smoked marijuana before and after the rape and that he badly wanted drug treatment. Buckingham also told Dr. Glassman that he had looked at pornography almost daily and was addicted to it. He stated that he had also looked at child pornography. Dr. Glassman recommended 14 treatment conditions including: alcohol and drug treatment, no contact with children, no access to the Internet without approval, and plethysmograph testing.

On March 19, 2008, Buckingham was sentenced to a Special Sexual Offender Sentencing Alternative (SSOSA) with a 93-month minimum term of confinement. The trial court suspended 81 months of his confinement. The court also imposed 29 community custody conditions.

In 2009, as a result of Buckingham's failure to comply with his conditions, the trial court revoked the SSOSA and imposed the remainder of Buckingham's 93-month sentence. On October 16, 2015, Buckingham filed a motion to modify the judgment and sentence. After his motion was transferred to this court for consideration as a personal

-2-

restraint petition, we appointed counsel and transferred his petition to a panel for review.

At issue in this petition are the following six conditions of Buckingham's community custody:

> 6. Do not frequent areas where minor children are known to congregate, as defined by the supervising Community Corrections Officer.

> 7. Do not possess or access pornographic materials, as directed by the supervising Community Corrections Officer. Do not frequent establishments whose primary business pertains to sexually explicit or erotic material.

> 9. Do not possess or control any item designated or used to entertain, attract or lure children.

> 18. Do not access the Internet on any computer in any location, unless such access is approved in advance by the supervising Community Corrections Officer and your treatment provider. Any computer to which you have access is subject to search.

> 22. You may not possess or maintain access to a computer, unless specifically authorized by your supervising Community Corrections Officer. You may not possess any computer parts or peripherals, including but not limited to hard drives, storage devices, digital cameras, web cams, wireless video devices or receivers, CD/DVD burners, or any device to store [or] reproduce digital media or storage.

> 26. Participate in urinalysis, breathalyzer, plethysmograph and polygraph examinations as directed by the supervising Community Corrections Officer.

II

A petitioner has one year to challenge a judgment and sentence after it becomes final. RCW 10.73.090. Buckingham challenged his judgment and sentence more than a year after it became final. Buckingham's petition is time barred unless (1) he can show that his judgment and sentence is facially invalid or rendered by a court lacking jurisdiction or (2) he asserts grounds for relief that exempt him from the time bar

-3-

pursuant to RCW 10.73.100. In re Pers. Restraint of Weber, 175 Wn.2d 247, 255, 284 P.3d 734 (2012). Because Buckingham does not base his petition on any of the grounds in RCW 10.73.100, he must demonstrate that his judgment and sentence is facially invalid or rendered by a court lacking jurisdiction. RCW 10.73.090.

A court may impose only the sentence authorized by statute. State v. Barnett, 139 Wn.2d 462, 464, 987 P.2d 626 (1999). Under RCW 9.94A.507(1)(a)(i) and RCW 9.94A.507(5), a person convicted of first degree rape of a child shall be sentenced to community custody under the supervision of the Department of Corrections for any time he is released from total confinement before expiration of the maximum sentence. The sentencing court is required to impose certain conditions. The sentencing court has discretion to order an offender to:

> (b) Refrain from direct or indirect contact with the victim of the crime or a specific class of individuals;
>
> (c) Participate in crime-related treatment or counseling services;
>
> (d) Participate in rehabilitative programs or otherwise perform affirmative conduct reasonably related to the circumstances of the offense, the offenders risk of reoffending, or the safety of the community;
>
> (e) Refrain from possessing or consuming alcohol; or
>
> (f) Comply with any crime-related prohibitions.

RCW 9.94A.703(3) (emphasis added).

This court reviews community custody conditions for an abuse of discretion and will reverse only if "manifestly unreasonable." "Imposing an unconstitutional condition will always be "manifestly unreasonable." State v. Irwin, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). A sentence is facially invalid if the trial court lacked the authority to

impose the challenged sentence. In re Pers. Restraint of Snively, 180 Wn.2d 28, 32, 320 P.3d 1107 (2014).

III

Buckingham challenges conditions 6, 7, 18, 22, and 26 as unconstitutional or facially invalid. The State concedes that condition 6, and portions of conditions 7 and 26 are invalid and should be stricken and remanded. The State also concedes that condition 9 is unconstitutionally vague and should be stricken. We address each in turn.

A.     Condition 6

Condition 6 bars Buckingham from frequenting places "where minor children are known to congregate, as defined by the supervising Community Corrections Officer." This court struck the same condition of community custody as unconstitutionally void for vagueness in Irwin. Irwin, 191 Wn. App. at 652-53. A law is unconstitutionally vague if it does not (1) provide ordinary people fair warning of proscribed conduct and (2) does not have standards to avoid arbitrary enforcement. Irwin, 191 Wn. App. at 652-53. In Irwin, we held that without some clarifying language, or an illustrative list of prohibited locations, the condition was unconstitutionally vague.[1] Irwin applies here. The State agrees.

On remand, condition 6 must be stricken as unconstitutionally vague.

---

[1] In Irwin, trial counsel asked whether the prohibition applied to areas such as "public parks, bowling alleys, shopping malls, theaters, churches, hiking trails, and other public places where there may be children." Irwin, 191 Wn. App. at 654.

B.    Condition 7

The first sentence of condition 7 prohibits Buckingham from "possess[ing] or access[ing] pornographic materials, as directed by the supervising Community Corrections Officer." Our Supreme Court found that a virtually identical prohibition was unconstitutionally vague in State v. Bahl, 164 Wn.2d 739, 758, 164 P.3d 678 (2008). The reasoning in Bahl applies here. The State agrees.

The second sentence of condition 7 prohibits Buckingham from "frequenting establishments whose primary business pertains to sexually explicit or erotic material." Because this portion of condition 7 is not dependent on the intractably undefinable term "pornography," and is not dependant on interpretation by the Community Corrections Officer (CCO), it is not unconstitutionally vague. Bahl, 164 Wn.2d at 759-60.

On remand, the first sentence of condition 7 must be stricken as unconstitutionally vague. We affirm the second sentence of condition 7.

C.    Condition 9

Condition 9 prohibits Buckingham from "possess[ing] or control[ing] any item designated or used to entertain, attract or lure children." We found a virtually identical condition unconstitutional in State v. Land, 172 Wn. App. 593, 604-05, 295 P.3d 782 (2013), because, as here, there is no evidence in the record that the defendant used any particular item to attract his victim. "Thus, this condition is 'utterly lacking in any notice of what behavior would violate it.'" Land, 172 Wn. App. at 604-05 (quoting Bahl, 164 Wn.2d at 761). The State agrees.

On remand, condition 9 must be stricken as unconstitutionally vague.

D.    Conditions 18 and 22

Buckingham also challenges conditions 18 and 22—conditions that require him to seek permission before using computers and the Internet. The second part of condition 22 also bans him from possessing "any computer parts or peripherals, including but not limited to hard drives, storage devices, digital cameras, web cams, wireless video devices or receivers, CD/DVD burners, or any device to store [or] reproduce digital media or storage." Buckingham argues these conditions are facially invalid because he did not use a computer, the Internet, or any computer part in the commission of his crime.

A prohibition on access to the Internet or possession of computer storage drives, digital cameras is a "prohibition" on conduct and must be crime-related. RCW 9.94A.703(3)(f); State v. O'Cain, 144 Wn. App. 772, 774-75, 184 P.3d 1262 (2008). Here, while the State is correct that there was evidence that Buckingham had viewed pornography, including child pornography, on the Internet, there is no evidence that access to a computer or the Internet was "used in the crime or associated with it in any way." As we discussed in O'Cain: "This is not a case where the defendant used the Internet to contact and lure a victim into an illegal sexual encounter. The trial court made no finding that Internet use contributed to the rape." 144 Wn. App. at 775. See e.g., Irwin, 191 Wn. App. at 658-59 (upholding prohibition on access to the Internet, computer parts, and peripherals where the police found multiple defendant-produced pictures of minors engaged in sexually explicit conduct on defendant's computer).

On remand, conditions 18 and 22 must be stricken because they are not "crime-related" and are therefore facially invalid.

-7-

E.    Condition 26

Condition 26 requires Buckingham to participate in urinalysis, breathalyzer, plethysmograph and polygraph examinations as directed by the supervising CCO. Unlike urinalysis, breathalyzer, and polygraph examinations, plethysmograph testing does not serve a monitoring purpose:

> Plethysmograph testing is extremely intrusive.  The testing can properly be ordered incident to crime-related treatment by a qualified provider.  But it may not be viewed as a routine monitoring tool subject only to the discretion of a community corrections officer.

Land, 172 Wn. App. at 605 (internal citations omitted).  Plethysmograph testing not done in conjunction with a sexual deviancy therapist unreasonably interferes with the offender's right to be free from bodily intrusion.  The State agrees.

On remand, the reference to plethysmograph testing in condition 26 must be stricken.

III

CONCLUSION

We remand to the trial court for resentencing.  On remand, condition 6, the first sentence of condition 7, conditions 9, 18, 22, and the reference to plethysmograph examinations in condition 26 must be stricken or corrected to eliminate error.  In re Pers. Restraint of Smalls, 182 Wn. App. 381, 388-89, 335 P.3d 949 (2014) ("When a judgment and sentence is facially invalid, the proper remedy is remand to correct the error.").

WE CONCUR:

_____ Mann, J.

_____

_____ Cox, J.

_____