# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>DAMIEN JAMES EUGENE MADISON,<br><br>Petitioner. | No. 53672-2-II<br>(consolidated with No. 53762-1-II)<br><br>UNPUBLISHED OPINION |

GLASGOW, A.C.J.—Damien James Eugene Madison seeks relief from personal restraint imposed following his 2017 guilty plea to one count of residential burglary and six counts of theft of a firearm committed when he was 17 years old. He argues that the trial court erroneously failed to treat his firearm convictions as the same criminal conduct for offender score purposes and that the juvenile court improperly declined his case, transferring the case to adult court. Madison also points out that the trial court failed to properly consider his youth at sentencing as required under *State v. Houston-Sconiers*.[1]

We agree that the trial court erred as a matter of law by failing to treat Madison's firearm convictions as the same criminal conduct, the error is apparent from the face of the judgment and sentence and the documents signed as part of the plea agreement and, therefore, his judgment and sentence is facially invalid. We further hold that Madison's case was properly addressed in adult court. Accordingly, we grant Madison's petition and remand for resentencing in adult court where the trial court must properly consider his youth when he committed the crimes.

---

[1] 188 Wn.2d 1, 391 P.3d 409 (2017).

FACTS

In 2015, Madison, who was 17 years old at the time, broke into his aunt's home and stole six firearms and a truck, among other items. The State charged Madison in juvenile court with residential burglary, second degree taking a motor vehicle without the owner's permission, and six counts of theft of a firearm. After Madison turned 18, the State filed a motion to decline juvenile jurisdiction and transfer Madison's case for adult prosecution under former RCW 13.40.110 (2009). Following a decline hearing, the juvenile court granted the State's motion, declined juvenile jurisdiction over Madison's case, and transferred the case for adult prosecution.

Madison agreed to plead guilty to residential burglary and six counts of theft of a firearm. The State agreed to dismiss the second degree taking a motor vehicle charge and to recommend that the trial court impose a prison-based drug offender sentencing alternative (DOSA). The State agreed that if the trial court determined Madison did not qualify for a DOSA, or if the trial court declined to impose a DOSA, the State would recommend the low end of the standard range sentence for each charge.

The signed plea statement admitted that Madison entered the dwelling of his aunt and her husband and that he "did wrongfully obtain or exert unauthorized control over" six individually described firearms. Clerk's Papers (CP) at 29. The signed plea agreement stated, "The defendant agrees that the following is accurate" and identified Madison's offender score as 8 on the residential burglary charge with a standard sentencing range of 53 to 70 months and 7 on each of the theft of a firearm charges with a standard sentencing range of 57 to 75 months. CP at 16. The offender scores included 1 point for each current theft of a firearm conviction. Madison's statement of defendant on plea of guilty reflected the same offender scores.

2

At a plea hearing, the trial court confirmed that Madison believed his offender scores had been calculated correctly. The trial court accepted Madison's guilty pleas.

The Washington Supreme Court decided *Houston-Sconiers* on March 2, 2017, holding in part that "[t]rial courts *must* consider mitigating qualities of youth at sentencing." 188 Wn.2d at 21 (emphasis added). But at Madison's sentencing in May 2017, the trial court did not address Madison's age or any of the "'hallmark features'" of youth. *Id.* at 23 (quoting *Miller v. Alabama*, 567 U.S. 460, 477, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012)). Nor did the trial court consider his childhood environment, including that the State had removed him from his parents' care.

The trial court rejected the parties' joint recommendation of a DOSA sentence, as well as the parties' alternative joint recommendation for a low-end standard range sentence. The trial court sentenced Madison to the high end of the standard range on each conviction, to run concurrently, for a total confinement term of 75 months.

Over two years later, Madison filed a motion to amend his judgment and sentence in the trial court arguing that his offender score was incorrectly calculated. The trial court determined that the motion was not timely and transferred his motion to this court under CrR 7.8(c) to be considered as a personal restraint petition. Madison then filed a second personal restraint petition in this court arguing that the juvenile court improperly declined his case. We consolidated the petitions and appointed Madison counsel.

## ANALYSIS

### I. PERSONAL RESTRAINT PETITION

A personal restraint petition is time barred if it is filed more than one year after the judgment becomes final. RCW 10.73.090(1). However, an untimely personal restraint petition may be considered if the judgment and sentence was not valid on its face or if the petition is based on

3

one or more of the statutory exceptions to the time limit listed in RCW 10.73.100. A judgment and sentence is invalid if the trial court exercised power that it did not have, including by imposing a sentence not authorized by law. *In re Pers. Restraint of Flippo*, 187 Wn.2d 106, 110, 385 P.3d 128 (2016).

## II. SAME CRIMINAL CONDUCT

Madison argues that his judgment and sentence is facially invalid because the trial court miscalculated his offender scores for his burglary and six theft of a firearm convictions by not considering the theft of a firearm convictions to be the same criminal conduct. We agree.

Generally, a defendant "cannot agree to punishment in excess of that which the legislature has established." *In re Pers. Restraint of Shale*, 160 Wn.2d 489, 494, 158 P.3d 588 (2007). A judgment and sentence that is based on an erroneous offender score is facially invalid and is therefore exempt from the time bar. *In re Pers. Restraint of Smalls*, 182 Wn. App. 381, 386, 335 P.3d 949 (2014).

The inquiry into whether a sentence is invalid on its face is not confined to the four corners of the judgment and sentence. Rather, the Washington Supreme Court has endorsed consideration of certain documents in addition to the judgment and sentence. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 139-40, 267 P.3d 324 (2011). When the judgment and sentence is based on a guilty plea, the face of the judgment and sentence includes those documents signed as part of the plea agreement. *Id.* at 140. Where the judgment and sentence imposes a facially incorrect sentence, the only remedy is resentencing. *In re Pers. Restraint of McWilliams*, 182 Wn.2d 213, 217-18, 340 P.3d 223 (2014).

When calculating an offender score, courts count all current and prior offenses separately unless multiple offenses "encompass the same criminal conduct." RCW 9.94A.589(1)(a). To

constitute the same criminal conduct, two or more criminal offenses must (1) have the same objective intent, (2) occur at the same time and place, and (3) involve the same victim. *Id.* The defendant bears the burden to establish each same criminal conduct element. *State v. Hatt*, 11 Wn. App. 2d 113, 142, 452 P.3d 577 (2019). If some or all of the current offenses "encompass the same criminal conduct then those current offenses *shall* be counted as one crime." RCW 9.94A.589(1)(a) (emphasis added).

Where the record adequately supports either conclusion on a same criminal conduct determination, "the matter lies in the court's discretion." *State v. Graciano*, 176 Wn.2d 531, 538, 295 P.3d 219 (2013). In such cases, Washington courts have held that a petitioner waives the argument that their convictions constitute the same criminal conduct by pleading guilty and agreeing to an incorrect offender score. *E.g.*, *In re Pers. Restraint of Swagerty*, 186 Wn.2d 801, 814, 383 P.3d 454 (2016) (holding that the petitioner could not challenge the calculation of his offender score for same criminal conduct where the facts were not evident on the face of the judgment and sentence without further elaboration). But "when the underlying facts are undisputed, the determination of same criminal conduct may be resolved as a matter of law." *Hatt*, 11 Wn. App. 2d at 141.

Here, there is no factual dispute, so the determination of same criminal conduct is resolved as a matter of law. The facts contained in the signed plea statement establish that the firearm thefts constituted the same criminal conduct. All of the thefts involved the same intent, occurred during the commission of the same residential burglary, and involved the same victims. The undisputed facts in the record can support only one conclusion—that the thefts constituted the same criminal conduct for offender score purposes. Under these specific facts and circumstances, the trial court erred as a matter of law by failing to count the firearm thefts as same criminal conduct. The error

5

is apparent from the face of the judgment and sentence and the signed plea statement, a document that we can consider when determining facial invalidity under RCW 10.73.090. *Coats*, 173 Wn.2d at 140. Thus, Madison has shown facial invalidity and his claim regarding same criminal conduct is not time barred.

Furthermore, the trial court's error produced a fundamental defect in the judgment and sentence resulting in a complete miscarriage of justice. *In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 818, 272 P.3d 209 (2012). The trial court sentenced Madison to the high end of the standard sentence range (57 to 75 months) based on an offender score of 7 on the theft of a firearm convictions. Madison's correct offender score was far lower because his theft of a firearm convictions should have counted as a single point, so the sentence imposed by the trial court was significantly longer than lawfully allowed. *Id*. (holding that an unlawful sentence can be a fundamental defect). The same was true for Madison's sentence for the burglary conviction. As such, resentencing is required.

## III. DECLINE TO ADULT COURT

Madison also argues that the 2018 amendments to the juvenile decline statutes constitute a significant change in the law that apply retroactively and that we should remand this case to juvenile court. The existence of a facial sentencing error, such as Madison's incorrect offender score here, does not act as a "'super exception'" to the time limit that allows a petitioner to assert additional claims that are otherwise barred by the time limit. *In re Pers. Restraint of Adams*, 178 Wn.2d 417, 426, 309 P.3d 451 (2013) (internal quotation marks omitted) (quoting *Coats*, 173 Wn.2d at 170 (Stephens, J., concurring)). Therefore, Madison must show that one of the exceptions to the one-year time bar applies in order for us to consider his argument that the trial court improperly transferred his case to adult court. He fails to do so.

"A petitioner can overcome the one-year time bar if he can identify (1) a significant change in the law, (2) that is material to his conviction or sentence, and (3) that applies retroactively." *In re Pers. Restraint of Meippen*, 193 Wn.2d 310, 315, 440 P.3d 978 (2019); RCW 10.73.100(6). Generally, we presume that an amendment to a statute applies prospectively unless the legislature specifically provides for retroactive application or the amendment is curative or remedial. *In re Pers. Restraint of Flint*, 174 Wn.2d 539, 546, 277 P.3d 657 (2012). "A remedial change relates to practices, procedures, or remedies without affecting substantive or vested rights." *Id.* "A 'right' is a legal consequence," while a "remedy" is a legal procedure to enforce a right. *State v. McClendon*, 131 Wn.2d 853, 861, 935 P.2d 1334 (1997).

In 2018, the legislature amended former RCW 13.40.110 to remove certain offenses from the list of offenses that could permit discretionary decline of a juvenile to adult court. Those offenses included Madison's charges—residential burglary and theft of a firearm. LAWS OF 2018, ch. 162, § 4. Thus, since the 2018 amendments, charges equivalent to Madison's have not been subject to decline.

But nothing in the legislative purpose section of the Laws of 2018, chapter 162, suggests that the amendments apply retroactively. The section's use of present tense bolsters our presumption that the amendments apply prospectively: "AN ACT Relating to revising conditions under which a person is subject to exclusive adult jurisdiction and extending juvenile court jurisdiction over serious cases to age twenty-five." LAWS OF 2018, ch. 162; *McClendon*, 131 Wn.2d at 861. The 2018 amendments do not relate to a practice, procedure, or remedy. They merely narrow the scope of juvenile offenders who could be charged in adult court. *See State v. Watkins*, 191 Wn.2d 530, 533 n.1, 423 P.3d 830 (2018).

7

We hold that the 2018 legislative amendments to the juvenile decline statute did not constitute a significant change in the law that applies retroactively. Accordingly, this claim does not fall within the exemption to the time bar under RCW 10.73.100(6), and we do not consider it further.[2]

### IV. CONSIDERATION OF YOUTHFULNESS

Madison also argues that the trial court should have considered his age and characteristics of youth at sentencing under *Houston-Sconiers*.

Generally, under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, trial courts must impose sentences within the standard range. RCW 9.94A.505(2)(a)(i). However, "[b]ecause 'children are different' under the Eighth Amendment and hence 'criminal procedure laws' must take the defendants' youthfulness into account, sentencing courts must have absolute discretion to depart as far as they want below otherwise applicable SRA ranges . . . when sentencing juveniles in adult court." *Houston-Sconiers*, 188 Wn.2d at 9; *see also State v. O'Dell*, 183 Wn.2d 680, 695-96, 358 P.3d 359 (2015) (holding that a defendant's youthfulness may support an exceptional sentence below the standard range "in light of what we know today about adolescents' cognitive and emotional development"). The trial court has broad discretion to impose an appropriate sentence, and it also has "an affirmative duty to ensure that proper consideration is given to the juvenile's 'chronological age and its hallmark features.'" *State v. Ramos*, 187 Wn.2d 420, 443, 387 P.3d 650 (2017) (quoting *Miller*, 567 U.S. at 477). Where a defendant was under 18

---

[2] Our rejection of this claim does not trigger the mixed petition rule and require dismissal of the entire petition. The mixed petition rule applies only to petitions challenging a *facially valid* judgment and sentence entered with competent jurisdiction, which raises both untimely claims and claims that are exempt from the one-year time limit under RCW 10.73.100. Because we hold that the judgment and sentence is facially invalid, the untimeliness of Madison's claim involving the juvenile decline statute does not trigger the mixed petition rule for this petition. RCW 10.73.090. *In Re Pers. Restraint of Stenson*, 150 Wn.2d 207, 220, 76 P.3d 241 (2003).

when they committed the crimes at issue, the trial court *must* address their youth at sentencing. *Houston-Sconiers*, 188 Wn.2d at 21.

Here, nothing in the record reflects that the trial court considered Madison's youth in fashioning his sentence. On remand for resentencing, the trial court must consider Madison's youth in accordance with *Houston-Sconiers*.

We grant Madison's petition and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, A.C.J.

We concur:

Maxa, J.

Veljacic, J.